MIGUEL JOSE OSSORIO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108499. Promulgated January 5, 1943.

*Thomas Witter Chrystie, Esq.*, for the petitioner.
*Walt Mandry, Esq.*, for the respondent.

## OPINION.

SMITH, *Judge:* This is a proceeding for the redetermination of a deficiency of $9,019.10 in income tax for the calendar year 1937. The question in issue is the amount of the credit to which the petitioner is entitled under section 131 of the Revenue Act of 1936 by reason of a payment of income tax for 1937 to the Philippine taxing authorities.

The facts are found as stipulated.

1. The petitioner is a resident of Meads Point, Greenwich, Connecticut. He filed his income tax return for 1937 with the collector of internal revenue for the second district of New York.

2. The petitioner has been married since 1910 and since 1927 he and his wife have been separated and have lived separate and apart. When the petitioner and his wife separated in 1927 they were both citizens of the Philippine Islands and were both domiciled and resident therein. In 1931 petitioner became a resident of and domiciled in the United States and he has continued to be domiciled in and a resident thereof ever since. In 1933 he became a naturalized citizen. Petitioner's wife is still a citizen of the Philippines and she is still domiciled in and a resident of the Philippine Islands. In 1927 when they separated petitioner and his wife divided all of their property and they have kept their financial affairs and interests separate and distinct ever since.

3. For the year 1937 over 99 percent of petitioner's income was from the Philippines and he was subject to a Philippine income tax on such income. Petitioner's wife, who had a separate income for 1937, was liable for a Philippine income tax on her entire income.

4. The Philippine Islands income tax law was amended in 1936 (Commonwealth Act No. 117, June 6, 1936, now section 45 (d) of the National Internal Revenue Code), and for the first time required

that the income of married persons be consolidated for the purpose of the normal and additional income taxes levied by the Philippine Islands. This amendment was applicable to the income of the petitioner and his wife, notwithstanding the separation of petitioner and his wife and separate residence and different citizenship.

5. The Philippine Islands income tax statute does not in terms provide who shall be liable for the payment of the tax computed on the consolidated income of spouses.

6. The petitioner and his wife filed separate Philippine income tax returns for the year 1937 upon which the following income was shown (all amounts are shown in pesos, which are convertible into dollars at the rate of 50 cents):

| | Petitioner | Petitioner's wife |
|---|---|---|
| Gross | ₱1,902,381.27 | ₱315,922.35 |
| Gross | *21,413.71 | |
| Total gross | 1,923,794.98 | 315,922.35 |
| Deductions | 524,107.37 | 80,688.25 |
| Net income | 1,399,687.61 | 235,234.10 |

* This item of income represents income to certain of petitioner's minor children which was not included by nor taxable to petitioner in his United States return for 1937. The balance of petitioner's income was included and taxed in his United States return.

7. Pursuant to the provisions of said 1936 amendment to the Philippine income tax law, the Philippine taxing authorities consolidated the income of the petitioner and his wife and assessed on the consolidated income a total tax of 331,527.30 pesos ($165,763.65), consisting of a normal tax of 2,456.61 pesos and additional tax of 329,070.69 pesos. The additional tax is imposed with progressive rates which increase as the taxable income increases, with the result that the additional tax on the consolidated income was higher than if it had been figured separately on the separate incomes.

8. The petitioner and his wife adopted the following method for dividing between them the total tax determined by the Philippine taxing officials to be due on their consolidated income for the year 1937:

The smaller of the two incomes was ₱235,234.10, and twice that sum is _____ ₱470,468.20

| | Mrs. Ossorio | Ossorio |
|---|---|---|
| Surtax on ₱470,468.20, divided equally between the spouses | ₱21,537.45 | ₱21,537.46 |
| Balance of surtax, charged entirely to Ossorio | | 285,995.78 |
| Entire normal tax attributable in whole to Mrs. Ossorio's income and charged entirely to her | 2,456.61 | |
| Total | 23,994.06 | 307,533.24 |

9. Pursuant to said method of division, the petitioner and his wife made payments to the Philippine collector of internal revenue to be applied on the income tax due from them for the year 1937 in the amounts of 307,533.24 pesos ($153,766.62) paid by the petitioner and 23,994.06 pesos ($11,997.03) paid by his wife.

10. The limitation on the credit for Philippine income tax imposed by subdivision (b) of section 131 of the Revenue Act of 1936 is 100 percent of petitioner's Philippine income tax. The limitation on the credit imposed by the doctrine of *Hubbard* v. *United States* (17 Fed. Supp. 93; certiorari denied, 300 U. S. 666) is 98.8869 percent of petitioner's Philippine income tax, since 21,413.71 pesos or 1.1131 percent of petitioner's income which was taxed in the Philippines was not taxed by the United States (as indicated in paragraph 6 of the stipulation) and the remaining 98.8869 percent of petitioner's income taxed in the Philippines was taxed by the United States. If petitioner's correct Philippine income tax within the meaning of section 131 was 307,533.24 pesos ($153,766.62) as urged by petitioner, then his allowable credit after applying said 98.8869 percent limitation is $152,055.04. If the petitioner's Philippine income tax within the meaning of section 131 was correctly computed by the Commissioner in his deficiency notice dated May 31, 1941, then the credit allowable to petitioner is $140,797.16.

11. The respondent determined the allowable credit of $140,797.16 in the following manner:

Credit for taxes accrued to the Philippine Islands, claimed on your return in the amount of $151,766.62 has been decreased to $140,797.16. The difference of $10,969.46 is determined as follows:

| Gross income on which Philippine tax accrued | | Amount | Percent of total income |
|---|---|---|---|
| Income not included in U. S. return: | | | |
| Minor's income | ₱21, 413. 71 | | |
| Wife's income | 315, 922. 35 | ₱337, 336. 06 | 15. 0615 |
| Income included in U. S. return: | | | |
| Salary | 161, 196. 54 | | |
| Dividends: | | | |
| Philippine Island Corp. | 338, 940. 50 | | |
| Ossorio Securities Corp. | 1, 401, 094. 07 | | |
| Interest received | 1, 150. 16 | 1, 902, 381. 27 | 84. 9385 |
| Total | | ₱2, 239, 717. 33 | 100. 0000 |

| | |
|---|---|
| Philippine tax paid | ₱331, 527. 30 |
| Credit allowable—84.9385% of ₱331,527.30 | ₱281, 594. 32 |
| Reduced to dollars at 2 pesos per dollar | $140, 797. 16 |
| Credit claimed on return | 151, 766. 62 |
| Decrease in credit | 10, 969. 46 |

12. Under date of June 17, 1938, the collector of internal revenue gave an income tax receipt to the petitioner which shows "Tax due as per return 307,533.24" pesos. The receipt describes the payment as "part payment of income tax due from the spouses, M. J. Ossorio and P. Y. Ossorio for the year 1937."

National Act No. 117 passed by the First National Assembly, first session, held at the city of Manila on June 6, 1936, provides in section 4:

Sec. 4. Subsection (b) of section eight of Act Numbered Twenty-eight hundred and thirty-three, as amended by section six of Act Numbered Twenty-nine hundred and twenty-six and section one of Act Numbered Thirty-six hundred and five, is hereby further amended to read as follows:

(b) On or before the first day of March, nineteen hundred and thirty-seven, and the first day of March in each year thereafter, a true and accurate return under oath, shall be made by each person of lawful age, except as hereinafter provided, having a gross income of two thousand pesos or over for the taxable year to the Collector of Internal Revenue or treasurer of the province, city, or municipality in which such person has his legal residence or principal place of business, or if there be no legal residence or place of business in the Philippines, then with the Collector of Internal Revenue in such form and manner as the latter, with the approval of the Secretary of Finance, shall prescribe, setting forth specifically the gross amount of income from all separate sources and deducting from the total thereof the aggregate items of allowances authorized in this Act: *Provided*, That in the case of married persons, whether citizens, resident or nonresident aliens, only one consolidated return for the taxable year shall be filed by either spouse to cover the income of both spouses; but where it is impracticable for the spouse to file one consolidated return, each spouse may file his separate return of income, but the returns so filed shall be consolidated for the purpose of the normal and additional income taxes prescribed in this law; * * *

The only question presented by this proceeding is the correct amount of credit to be allowed the petitioner under section 131 of the Revenue Act of 1936 in computing his income tax liability to the United States for 1937. The petitioner contends that the correct amount of the credit is $152,055.04. The basis of this contention is that he actually paid income tax to the Philippine Islands for 1937 of $153,766.62; that 98.8869 percent of the income received in the Philippine Islands and included in his return for 1937 to the Philippine Islands is likewise taxable income and was included in his return made to the collector of internal revenue for the second district of New York. The amount payable by the petitioner was determined by chartered accountants in Manila, to whom the question of the correct amount of the tax to be borne by the petitioner and by his wife was submitted for adjudication. The chartered accountants held that all of the normal tax should be allocated to the wife, since the petitioner's income was not subject to normal tax in the Philippine Islands. For the purpose of determin-

ing the portion of the additional tax which should be allocated to the wife, the accountants doubled her income and took one-half of the additional tax collectible upon a net income of 470,468.20 pesos. They computed the correct amount of the tax payable by the wife at $11,997.03. They allocated to the petitioner all of the balance of the tax in the amount of $153,766.62. The adjudication made by the chartered accountants was accepted by the spouses and paid accordingly.

The respondent claims that this is not a correct formula for the determination of the amount of the tax to be borne by each. He argues that the correct formula is to hold that the petitioner's income tax liability to the Philippine Islands is "that proportion of the total Philippine tax of $165,763.65 which the petitioner's income included in the consolidated income bears to the consolidated income of the spouses." By this formula the respondent has determined that the correct amount of the credit available to the petitioner is $140,797.16.

Section 131 of the Revenue Act of 1936 provides, so far as material, as follows:

SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF THE UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * *

The respondent has allowed the credit of $140,797.16 in 1937 on account of the payment which the petitioner made to the Philippine collector in 1938 upon the ground that petitioner's return for 1937 was filed on the accrual basis.

It is provided in article 131–2 of Regulations 94 as follows:

ART. 131–2. *Meaning of terms.*—The "amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year" means taxes proper (no credit being given for amounts representing interest or penalties) paid or accrued during the taxable year *on behalf of the taxpayer claiming credit.* * * * [Emphasis supplied.]

Respondent contends that the amount of the Philippine income tax which the petitioner paid in excess of $140,797.16 was really paid on behalf of his wife and therefore is not available to him as a credit.

The parties agree that there is no decision of this Court nor of any other court strictly in point. It has been held that where husband and wife have filed joint income tax returns the liability for the tax should be determined according to the net income of each spouse. *Celia Seder, Executrix,* 38 B. T. A. 874; *Commissioner* v. *Rabenold*

(C. C. A., 2d Cir.), 108 Fed. (2d) 639. The Board later held, however, in *George W. Schoenhut*, 45 B. T. A. 812, on the authority of *Moore* v. *United States* (Ct. Cls.), 37 Fed. Supp. 136; *Helvering* v. *Janney*, 311 U. S. 189; and *Taft* v. *Helvering*, 311 U. S. 195, that the liability of spouses filing a joint return was joint and several. The Board stated in its opinion in the *Schoenhut* case that contrary decisions of the Board and of the courts to the effect that the liability of husband and wife should be determined in accordance with the net income of each would no longer be followed. If the rule of joint and several liability is applicable here, then petitioner was liable for the full amount of the tax on the consolidated incomes.

In the absence of some provision of law which requires an allocation of liability, it is not necessary for us to pass upon the merit of any particular formula for making such allocation. Under section 131 a citizen of the United States who pays an income tax to a possession of the United States is entitled to a credit of the amount of the payment, subject to the limitations contained in subdivision (b) of that section, which are not pertinent under the facts stipulated in this case. Subdivision (a) (1) of section 131 says that the amount of the credit shall be the amount of the income tax "paid or accrued during the taxable year to any foreign country or to any possession of the United States." The petitioner claims a credit of $152,055.04, which is less than the amount of income tax which he actually paid to the Philippine Islands for 1937. We are of the opinion that the petitioner is entitled to a credit of the amount claimed by him.

*Decision will be entered under Rule 50.*