UNITED STATES of America,
Plaintiff,

v.

Felix Benitez REXACH, The Escambron Development Company, Rene Benitez, Modesto Bird, and Felix Benitez Rexach, Jr., Defendants.

UNITED STATES of America,
Plaintiff,

v.

Felix Benitez REXACH, Lucienne D'Hotelle Benitez Rexach, The Escambron Development Company, Rene Benitez Rexach, Modesto Bird, Luis Antonio Miranda, Cruz Montez, Defendants.

Nos. 72–58, 52–60.

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 29, 1961.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Brown, Newsom & Cordova, Attys. at Law, Rene Benitez, San Juan, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

The questions now before the Court are the following:

1. In cause No. 72–58, D.C., 185 F. Supp. 465, the Court found and held that taxable income derived from the employment of capital by taxpayer in the Dominican Republic, under the community property laws of that country, vested one-half in taxpayer and one-half in his wife, an alien citizen.

The question presented in both cases is whether, under the above decision, which will also be made in Cause No. 52–60 Civil, taxpayer is restricted in claiming foreign tax credits for taxes or impositions by the Dominican Republic to credits only for taxes imposed on his income alone, or, in the alternative, to one-half of the Dominican tax, reduced further by exclusions of amounts not taxed by the United States.

2. Whether in Cause No. 52–60 the Commissioner properly imposed a penalty of 50 per cent of the deficiency for the year 1957 under Section 6653(b), Internal Revenue Code of 1954, 26 U.S.C.A. § 6653(b), on the ground that a part of the underpayment of the taxes for that year was due to fraud, and, alternatively, if the fraud penalty was improperly imposed, whether a delinquency penalty of 25 per cent of the deficiency of that year for failure to file a return for more than five months after the return was due, without reasonable cause, should be imposed in lieu of the 50 per cent fraud penalty, under Section 6651(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 6651(a).

3. Whether for the year 1957 taxpayer has established that he is entitled to deductions under any applicable provisions of the Internal Revenue Code of 1954 on account of deductible expenses or other deductible items incurred in connection with his admitted receipt of ship rentals of $12,000.00 which the Commissioner has under stipulation of the parties correctly treated as gross income to the taxpayer for such year.[1]

I

The taxpayer has paid the Dominican Government income tax for the years involved in this litigation, his payments covering both his half of the income of the community property and the half which vested in his alien wife. Forceful and convincing argument was originally made respecting the question of whether

1. The question of deductibility of the Escambrón losses in No. 52–60C is governed by the ruling in No. 72–58 Civil in the sense that the corporate entity is not to be disregarded, and the same ruling is hereby made in No. 52–60 Civil.

the wife, under Dominican Law, had a vested title to one half of the income of the husband, instead of a mere expectancy, and whether the Puerto Rican or Dominican Law regarding the nature of the wife's interest applied.

■ The Court was convinced that Dominican Law applied, and that therefore only the husband's one half share was taxable by the United States, as the wife did not have, during her husband's life, a mere expectancy but a vested title to one half of the acquets of the community. Had it been decided that the wife's interest was a mere expectancy, the husband could have been taxed for the whole by the foreign government and the whole of his payment to the Dominican government would constitute a credit he could claim against the United States tax. See: United States v. Robbins, 269 U.S. 315, 46 S.Ct. 148, 70 L.Ed. 285. However, when taxpayer paid the tax levied on the acquets of the community, he acted as a mere agent, not personally liable for the Dominican tax on his

wife's vested one half interest in the acquets of the community. He is therefore entitled to claim only one half of the Dominican tax as a credit against the United States tax.[2]

■ Plaintiff contends that the credit for foreign tax should be further reduced by the proportionate amount of Dominican taxes allocable to Dominican income which is exempt from United States taxation. In Brace v. Commissioner of Internal Revenue, Tax Court of the United States, Docket No. 34310, Decision of August 27, 1952, this contention was characterized as "an extinct question", and the attempt to revive it was said to produce nothing but a "futility". I am in agreement with the cited decision of the Tax Court, and must sustain the taxpayer's position on this question.

II

■ I am unconvinced that the underpayment of the tax for the year 1957

2. "Art. 61, Law 38661 of 1954. The following must file sworn returns with the office of the Director General in the form prescribed by the regulations and pay the corresponding tax:

"(a) Natural persons owners of the enterprises or exploitations which produce the profits taxed by this law;

"(b) Administrators or legal representatives of infants and persons declared incompetent, regarding the profits corresponding to the enterprises for exploitations of their wards;

"(c) Attorneys in fact or general administrators, regarding profits of the enterprises or exploitations of their principals;

"(d) Presidents, directors, managers, administrators and other representatives or juridical persons and of any entity or patrimonium regarding the profits thereof;

"(e) Trustees in bankrupcty, representatives of companies in liquidation and depositaries regarding the benefits of the enterprises or exploitations deposited with them;

"(f) Legal or judicial administrators of decedents estates and in their absence the surviving spouse and the heirs, with respect to the profits of enterprises or exploitations which belonged to the

decedent as well as profits corresponding to the estate produced by said enterprises or exploitations;

"(g) The *husband*, with respect to community and separate property, except in cases of separation of property."

The Civil Code of the Dominican Republic states the liability of the spouses for debts as follows:

Article 1482: "Each of the spouses or their heirs shall be charged with one half of the debts of the community * * *." (Translation by the Court).

Article 1484: "The husband is liable for the whole of the debts of the community *contracted by him, saving his recourse against the wife or her heirs for a moiety of said debts.*" (Translation by the Court).

The quoted articles, read together with Art. 61, (supra) which includes the husband as taxpayer in the same representative capacity as attorneys in fact, officers of corporations, trustees in bankruptcy and administrators of estates, clearly distinguish the situation at bar from that in Ossorio v. Commissioner, 1 T.C. 410, and that of the husband who was allowed a deduction for the entire California State income tax paid by him in Gilmore v. United States, Ct.Cl., 290 F.2d 942. (Emphasis supplied).

was due to fraud, and must hold that the 50% of the deficiency imposed by the Commissioner was improperly imposed. No authority has been cited by plaintiff sustaining the jurisdiction of this Court independently to assess a delinquency penalty. There is no question here of a delinquency penalty, already assessed by the Commissioner, against claims based on overpayment by the taxpayer. Therefore I must hold that no delinquency can be imposed by this Court.

### III

The taxpayer has failed to establish that he is entitled to any deductions in connection with his income from ship rentals. Therefore the sum of $6,000.00, one half of the $12,000.00 income from ship rentals, is taxable.

Findings of Fact, Conclusions of Law will be settled in due course and judgment will be entered accordingly.