EVA M. MANTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE RESPONDENT.

Docket No. 5784. Promulgated November 22, 1948.

*James E. Denning, Esq.*, for the petitioner.
*Conway N. Kitchen, Esq.*, for the respondent.

**OPINION.**

OPPER, *Judge*: This is a related proceeding to that in Docket No. 5785. The two are bottomed upon the same deficiency notice, which was addressed jointly to the husband, who is petitioner in the other proceeding, and to the wife, who is petitioner here. The two proceedings have not been consolidated, and the single issue which we find it necessary to dispose of in this opinion is whether the present petitioner is liable for any part of the deficiency determined in the notice in question.

Respondent's claim is that this petitioner is severally liable for the amount of the deficiency, and, that being so, we see no reason why petitioner can not appear here severally and contest that liability independently of that asserted against her husband. Respondent makes no contention that this can not be done, and we are aware of no jurisdictional or procedural reason for forbidding what is manifestly an appropriate method for testing the issue presented. See *Myrna S. Howell*, 10 T. C. 859; *Joseph Carroro*, 29 B. T. A. 646, 650. We have found in the other proceeding, memorandum opinion entered herewith, that the deficiency and fraud penalties were properly determined as to the husband. The question remains whether this petitioner is to any extent liable therefor.

Before the amendment to section 51 (b) made by the Revenue Act of 1938, the rule was apparently settled, first, that there could be no joint return of husband and wife unless items of income or deduction were attributable to each; and, second, that the mere fact that a return was denominated a joint return, unless signed by both parties, see *Myrna S. Howell*, *supra*, was not conclusive. *William W. Kellett*, 5 T. C. 608.

Respondent's interpretation of the 1934 Act,[1] which was not materially different from that in force in 1936, was that "A statement in an income tax return to the effect that the return is a joint return does not necessarily constitute it a joint return. In order for a joint return properly classified as such to be filed by a husband and wife, both spouses must have had some income or deductions in the year for which the return is filed and the return must include the income and deductions of both spouses." I. T. 2875, XIV-1 C. B. 81. He also consistently maintained the position that, if a return was in fact a joint return, the liability was joint and several. I. T. 1575, II-2 C. B. 144; G. C. M. 13704 (1934), XIII-2 C. B. 141.

Congress took account of this administrative interpretation [2] when, for the first time, in 1938 it provided "In the case of a husband and wife living together the income of each (even though one has no gross income) may be included in a single return made by them jointly, in which case * * * the liability with respect to the tax shall be joint and several."

The undisputed facts incorporated in our findings are that the petitioner wife had no items of income or deductions for the years in question, all of which are governed by the 1934 and 1936 Acts. She did not sign the returns, authorize their filing, nor indeed have knowledge of their preparation or contents. It follows that, as of the time these returns were filed, they were not the joint returns of petitioner and her husband, and consequently they were not petitioner's returns. *John Kehoe*, 34 B. T. A. 59.

The consequence is that we never reach the principle which respondent seeks to invoke, that a wife was jointly and severally liable with her husband even before 1938 for the tax due upon a joint return and

---

[1] SEC. 51. * * *

* * * * * *

(b) HUSBAND AND WIFE.—If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

* * * * * * *

[2] Ways and Means Subcommittee Report, 75th Cong., 3d sess., p. 49:

"Since a *joint return* does not show the respective incomes and deductions of the husband and wife, individually, and since under the statute a single tax is computed upon the aggregate income, the Bureau of Internal Revenue has taken the position for many years that the filing of *such a return* by husband and wife creates a joint and several liability on their part for the tax on their *aggregate net income;* and that deficiencies, penalties, and interest may be collected from either or both of them.

"The Bureau's interpretation has been sustained by the Board of Tax Appeals in various cases but was rejected by a divided court in *Cole* v. *Commissioner* (81 F. (2d) 485).

"In the opinion of your subcommittee the Bureau's position is sound; and to avoid further confusion and litigation it is recommended (Recommendation No. 41) that an amendment be inserted in the statute to make it clear that if a husband *and wife choose to file a joint return,* each of them will be liable for the tax upon their aggregate income, and for any deficiencies, penalties, and interest in respect of the joint return which may thereafter be determined * * *." [Emphasis added.]

See *Joseph Carroro, supra.*

possibly also for the penalties for fraud, see *Joseph Buchhalter*, 29 B. T. A. 600, in the filing of such a return. *George W. Schoenhut*, 45 B. T. A. 812; *Cole* v. *Commissioner* (C. C. A., 9th Cir.), 81 Fed. (2d) 485, reversing 29 B. T. A. 602. The rule is not extended even by respondent beyond an application to joint returns, and since, as we have found, the returns in question were not of that character, there is no basis for imposing a liability upon petitioner.

The deficiency as to her must be disapproved.

*Decision will be entered for the petitioner.*