OPINION. Opper, Judge: The difficulty of drawing any satisfactory distinction between the “embezzlement” in Commissioner v. Wilcox, 327 U. S. 404, and the “fraud” and “unlawful gains” in Rutkin v. United States, 343 U. S. 130, is exemplified here. Cf. Tax Barometer, vol. 9, No. 19, par. 257. But confining the Wilcox “case to its facts,”[1] we conclude that there are adequate distinctions to require the present application of the Ruthin principle. Petitioners were never indicted nor convicted of embezzlement, and there is hence no external evidence as there was in Wilcox that they were guilty of that offense. They were in complete control of the corporations from which they obtained the funds and there is in fact no adequate proof that the method if not the act has not been forgiven or condoned. The details of the supposed liability to repay are such as to leave serious doubt whether the whole project was not a false front erected to deceive not the corporation nor its stockholders but the Commissioner of Internal Revenue. And certainly no testimony from these petitioners, self-confessed deceivers and defrauders, one of whom is an ex-convict, can be availed of to carry any of the burden that their version of the facts is reliable. Finally, there need be little fear here as there was in the Wilcox case that “sanctioning a tax * * * would serve only to give the United States an unjustified preference as to part of the money which rightfully and completely belongs to the taxpayer’s employer.” Petitioners are obviously in a financial position to make good such defalcations, if any, as their associates decide to recover. There was hence no error in the determination of deficiencies against petitioners W. L. and Gus-tave H. Kann, The imposition of the fraud penalty against them follows automatically from the stipulation. As to the liability of petitioner Stella H. Kann for the deficiencies and “penalties,” we have found as a fact that the returns in question were the joint returns of herself and her husband. That finding is dispositive of the question, since the wife’s liability on a joint return is joint and several. This applies to the fraud penalties as well as to the deficiencies, whether or not the wife was a party to the fraud. Myrna S. Howell, 10 T. C. 859, 869, affd. (C. A. 6) 175 F. 2d 240. There is no distinction in this respect between the years 1937 and 1938. Although the existence of joint and several liability was expressly written into the 1938 Act for the first time, that provision was merely declaratory of the rule previously existing. Both respondent and the Board of Tax Appeals had ruled under the previous legislation that such liability existed on a joint return. See Myrn S. Howell, supra, 868; Eva M. Manton, 11 T. C. 831, 835. The fact then that the returns were joint imposes a liability on the wife for the earlier year to the same extent as for the later. This is not such a case as Eva M. Mantón, supra, where the evidence demonstrated conclusively that there was no joint return. Here, the wife failed to take the stand, and there is no evidence to overcome the presumptive correctness of respondent’s determination. The mere fact that she did not sign the returns is not sufficient. In Myrna S. Howell, supra, 866, we said: “* * * The 1941 return is not signed by petitioner. Her failure to sign that return is not alone determinative. It was held in Joseph Carroro, 29 B. T. A. 646, 650, that where a husband filed a joint return without objection of the wife, who failed to file a separate return, it will be presumed the joint return was filed with the tacit consent of the wife.” Petitioner Stella H. Kann having failed to take the stand, or produce any evidence on her own behalf, has not sustained her burden of proof that these were not joint returns. Under such circumstances her liability for deficiencies and penalties is joint and several with that of her husband. Myrna S. Howell, supra, 869. Reviewed by the Court. Decision wül he entered under Rule 60. Rutkin v. United States, supra, p. 138.