Edrie Boyer, also known as Edrie Boyer Costine v. Commissioner.
Boyer v. Commissioner
Docket No. 37868.
United States Tax Court
T.C. Memo 1955-11; 1955 Tax Ct. Memo LEXIS 326; 14 T.C.M. (CCH) 34; T.C.M. (RIA) 55011; January 24, 1955
*326 1. There was no appearance or evidence presented on behalf of petitioner. No issue as to limitations was raised by petitioner. Held, that petitioner has failed to meet the burden of proof with respect to deficiencies in income tax (not including additions to the tax consisting of fraud penalties). 2. Held, further, that part of each deficiency was due to fraud with intent to evade tax. Douglas Barnes, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies and additions to tax under section 293(b), Internal Revenue Code of 1939, as follows: Year
Deficiency
Penalty
1944
$ 38,744.07
$19,372.04
1945
46,078.69
23,039.35
1946
34,298.32
17,149.16
Totals
$119,121.08
$59,560.55
*327 The issues involved herein are (1) whether deficiencies in tax are due from petitioner, and (2) whether part of such deficiencies are due to fraud with intent to evade tax. Findings of Fact Petitioner is a resident of Council Bluffs, Iowa. She and her then husband, Fay E. Boyer, prepared and filed joint income tax returns for the years 1944 through 1946 with the then collector of internal revenue for the district of Iowa. During these years, Fay was engaged in the business of selling farm implements and hardware under the name Boyer Implement Shop. The respondent determined that the return filed for each of the years in question understated the aggregate net income of petitioner and Fay. The reported net income and the correct net income for each year as determined by respondent was as follows: Reported
Correct
Year
Net Income
Net Income
1944
$11,063.32
$68,169.75
1945
12,860.36
77,876.71
1946
13,448.79
68,120.54
Statutory notice of deficiency was issued by respondent in the joint names of Fay E. Boyer and Edrie Boyer on September 7, 1951. A joint petition was filed in this proceeding on December 5, 1951, by Fay and petitioner. On October 25, 1951, prior *328 to the filing of the petition in this proceeding, Fay individually filed a petition under Chapter XI of the Bankruptcy Act with the District Court of the United States for the Southern District of Iowa, Western Division. The petition stated in part as follows: "3. Your petitioner is unable to pay his debts as they mature for the reason that although your petitioner has assets of $108,693.41 and ordinary business liabilities of only $47,483.66, the Office of the Collector of Internal Revenue of the United States Treasury Department has made a jeopardy assessment against your petitioner in the amount of $145,057.71 together with interest in the amount of $50,157.24 and penalty in the amount of $72,395.01; that although your petitioner is preparing a petition to be filed timely in the United States Tax Court at Washington, D.C., and in which petition it will be alleged that petitioner is not indebted to the Treasury Department for over a fraction of the amount claimed due as taxes and interest and that there is nothing due as penalty, the said Office of the Collector of Internal Revenue has caused a lien to be filed in said county and state against the property of your petitioner, and *329 said Office further notified your petitioner that unless this petition for the appointment of a receiver of petitioner's business was filed on or before October 24, 1951, that Office would seize the business of petitioner and lock the doors thereof; that your petitioner has a meritorious defense to the erroneous assessment made by the Treasury Department; that pending the outcome of the litigation in the Tax Court and the determination of the amount, if any, due the Treasury Department, your petitioner proposes the following arrangement with his creditors; that a Receiver be appointed herein to take charge of the business of the petitioner; that the business be contined under the management of the petitioner; that the earnings of the business be used to continue the business and to pay the costs thereof and pay the unsecured creditors from time to time as may be deemed advisable by the Receiver, and that the Receiver reduce the accounts with the secured creditors according to the tenor or [and] petitioner's obligations; that all other earnings and assets of the petitioner be preserved by the Receiver pending the ruling of the Tax Court as to the liability, if any, of the petitioner *330 to the United States Treasury Department for said income taxes for the years 1942 and 1946 inclusive; that as and when there is any determination of an amount due said Treasury Department, the Receiver be authorized and directed to satisfy the same from the earnings and assets of the petitioner in the hands of the Receiver, and the petitioner then be discharged from these proceedings." On that same day, the court approved the petition and referred the matter generally to a Referee in Bankruptcy. The original claim of the United States for taxes was filed in that proceeding on October 31, 1951, and covered the taxable years 1942 through 1946. The total amount claimed therein, $267,609.96, included the tax liabilities and fraud penalties asserted in the notice of deficiency issued in the instant case. On November 11, 1953, the Referee ordered Fay's Trustee to make certain disbursements and "to pay the remaining balance to the Director of Internal Revenue of The United States Government, to be applied on [their] liens." On December 21, 1953, the Referee entered an order whereby the estate was finally settled and closed and the Trustee discharged. That order provided in part that *331 the estate had been liquidated and the proceeds thereof distributed to the parties entitled thereto. It also authorized and approved the payment of $43,117.98 to the "Director of Internal Revenue for income tax to be applied on account of Fay E. Boyer dba Boyer Implement Shop." Thereafter, on July 27, 1954, respondent filed a motion to dismiss the Tax Court proceeding in so far as it related to the liability of Fay on the ground that this Court lacked jurisdiction thereof. This motion was granted and the caption of the case amended accordingly by order entered on August 25, 1954. On April 22, 1953, Fay was indicted for attempted evasion of income taxes due for the calendar years 1946 and 1947. Count I of the indictment stated in part that Fay reported net income of $13,448.79 for 1946 while his net income for that year was $68,120.54. On October 28, 1953, Fay withdrew his plea of not guilty and entered a plea of guilty to both counts of the indictment which plea was accepted by the court. On November 16, 1953, Fay was adjudged guilty of the offenses, fined, and placed on probation. A deficiency in tax is due from petitioner for each of the years involved herein. A part of each *332 such deficiency is due to fraud with intent to evade income taxes. Opinion There was no appearance for petitioner at the trial of the instant case, and no evidence was introduced on her behalf. No issue as to limitations was raised in the proceeding. Under the circumstances, the burden of proof with respect to the deficiencies (not including penalties) was upon petitioner, who made no effort to meet such burden. We, therefore, affirm such deficiencies as determined by respondent. The only issue remaining is whether or not a part of the deficiency for each of the years 1944, 1945 and 1946 is due to fraud with intent to evade tax. The burden of proof on this issue is upon respondent. Petitioner and her then husband, Fay E. Boyer, filed joint returns for each of the years involved. As determined by respondent (whose findings were not contested at the hearing), the aggregate net income for each year was grossly understated in each such return. Only about one-sixth of the correct net income was reported each year. The resulting deficiencies were substantial. In the absence of any explanation, such discrepancies for three successive years constitute convincing evidence of fraud *333 with intent to evade income taxes. See Rogers v. Commissioner, (C.A. 6, 1940) 111 Fed. (2d) 987, affirming 38 B.T.A. 16; Arlette Coat Co., 14 T.C. 751, 756; and David J. Pleason, 22 T.C. 361, 372. In addition to the failure to report large amounts of net income each year, respondent has established that the husband was convicted upon his plea of guilty of attempted tax evasion for 1946, the last of the three years involved herein, and also for 1947. The plea and conviction are not only evidence of his fraudulent intent to evade income taxes for 1946, but likewise furnish a basis for inferring fraudulent scheme, plan and intent on his part for the years 1944 and 1945. Under the foregoing circumstances, we hold that respondent has met the burden of establishing that a part of each deficiency was due to fraud with intent to evade income taxes. Whether the fraud is that of the husband or wife, or both, is immaterial since, under section 51(b) of the 1939 Code then in effect, the liability is joint and several. Myrna S. Howell, 10 T.C. 859, affd. 175 Fed. (2d) 240. We, therefore, hold for the respondent *334 in his determination of fraud penalties. Decision will be entered for the respondent.