Mildred Smith Ballenger v. Commissioner.
Ballenger v. Commissioner
Docket No. 52948.
United States Tax Court
T.C. Memo 1955-171; 1955 Tax Ct. Memo LEXIS 166; 14 T.C.M. (CCH) 651; T.C.M. (RIA) 55171; June 28, 1955
Richard W. Watkins, Jr., Esq., Box 105, Jackson, Ga., for the petitioner. Hubert E. Kelly, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: The Commissioner determined a deficiency of $611.16 in petitioner's income tax for the calendar year 1949. The only issue for decision is whether the assumption and agreement of petitioner's husband to pay the tax in question exempts her from liability therefor, in the event of his failure to pay same. All facts herein have been stipulated, which are adopted as the findings of fact. Petitioner resides on Route 2, Jackson, Georgia. For the year 1949 petitioner and her husband, Robert D. Ballenger, filed a joint return with the collector (now district director) of internal revenue for the district *167 of Georgia. On May 5, 1952, petitioner and her husband were legally divorced by decree of the Superior Court of Butts County, Georgia. Attached to the decree, and made a part thereof, was a written agreement in settlement of the property rights of the parties, wherein the husband, among other things, agreed to assume and pay the tax deficiency obligation for the year 1949 of $611.30 claimed by the Commissioner of Internal Revenue. The husband has paid only $11.16 thereof, and the balance remains unpaid. On March 26, 1954, the Commissioner issued identical statutory notices of deficiency to the petitioner and Robert D. Ballenger. The petitioner and Robert D. Ballenger each filed a separate petition with this Court. The law is well settled that when a husband and wife file a joint return, the liability with respect to the tax due thereon shall be joint and several. Section 51(b), Internal Revenue Code of 1939. Myrna S. Howell, 10 T.C. 859, affd. 175 Fed. (2d) 240; Arthur N. Dellit and Ursula Mae Dellit, 24 T.C. - (filed June 21, 1955). Petitioner contends that because her husband in the property settlement in the divorce proceeding agreed to pay the *168 taxes in question, and such agreed settlement was incorporated in the decree of the state court, that she is absolved from liability therefor. Petitioner cites no authority in support of such contention, and in fact has filed no brief in this case. We think petitioner's contention is wholly without merit. The agreement between two debtors equally obligated for the payment of a debt that only one of them shall thereafter be liable for its payment is not binding upon the creditor unless he consents thereto. The approval of such agreement by a court in a proceeding wherein the creditor is not a party will have no effect upon his rights to collect his debt. This elementary and selfevident proposition fits the facts and literally applies to the issue here presented. Decision will be entered for the respondent.