Jesse E. Grimes v. Commissioner.
Grimes v. Commissioner
Docket No. 88281.
United States Tax Court
T.C. Memo 1961-321; 1961 Tax Ct. Memo LEXIS 26; 20 T.C.M. (CCH) 1662; T.C.M. (RIA) 61321; November 30, 1961
*26 Petitioner Jesse E. Grimes and his wife Helen E. Grimes filed joint income tax returns for the taxable years 1956 and 1957. The respondent determined deficiencies for both years against both Jesse and Helen under section 6211 of the 1954 Code, and a 50 percent addition thereto for fraud under section 6653(b) of the 1954 Code on the ground that Helen failed to report large sums of money received in those years for performing abortions. The petition is filed by Jesse only. Held, respondent has sustained his burden of proving fraud. Held, further, since the returns were jointly filed, petitioner is liable under section 6013(d)(3) of the 1954 Code with respect to the tax including the 50 percent addition thereto for fraud. Myrna S. Howell, 10 T.C. 859, affd. 175 F. 2d 240 (C.A. 6, 1949), followed. Ellsworth T. Simpson, Esq., Investment Bldg., Washington, D.C., for the petitioner. Mark H. Berliant, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax and 50 percent additions thereto for fraud against Jesse E. Grimes and Helen E. Grimes, husband and wife, for the calendar years 1956 and 1957 in the following amounts: Year
Deficiency
50% Addition
1956
$23,768.63
$11,884.32
1957
2,959.82
1,479.91
*28 A petition was filed in this Court by Jesse only, naming both himself and his wife in the caption of the petition. On October 13, 1960, this Court ORDERED, that the Commissioner's motion to dismiss the proceeding in so far as it relates to Helen Grimes is granted and the caption of this case is amended to be as follows: "JESSE E. GRIMES, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent." It is FURTHER ORDERED: that IV-1 and -3 and V-6 of the petition are stricken and the proceeding is limited to the issue raised in IV-2 of the petition with respect to which the burden of proof is upon the Commissioner. Thus, the only issue is whether the respondent sustained his burden of proving fraud and, if so, whether Jesse is liable for the 50 percent addition to the tax under section 6013(d)(3) of the 1954 Code. Findings of Fact Some of the facts were stipulated and they are incorporated herein. Petitioner Jesse E. Grimes is an individual whose residence is in Alexandria, Virginia. For the calendar years 1956 and 1957 petitioner and his wife, Helen E. Grimes, sometimes referred to herein as Helen, filed joint Federal income tax returns with the district director of internal *29 revenue at Richmond, Virginia. The 1956 return was filed on April 19, 1957, and the 1957 return was filed on May 16, 1958. By written agreement executed on January 18, 1960, both petitioner and Helen and respondent, agreed that any 1956 income taxes could be assessed at any time on or before December 31, 1960. The notice of deficiency upon which this petition is based was mailed to petitioner and Helen on May 4, 1960. Assessment and collection of the deficiencies are not barred by the statute of limitations for either of the taxable years 1956 or 1957. On the joint return for 1956 petitioner and Helen reported a taxable income of $5,908.83 computed on the return as follows: Wages from Wm. Kagan Co.
$ 5,932.97
Television repairing - self
2,400.00
Race Track winnings
2,315.00
Adjusted gross income
$10,647.97
Less itemized deductions: Interest
$2,382.14
Taxes
557.00
2,939.14
Balance
$ 7,708.83
Less 3 exemptions
1,800.00
Taxable income
$ 5,908.83
On the joint return for 1957 petitioner and Helen reported a taxable income of $2,398.65 computed on the return as follows: Wages from Northern Va. Pub-
lishing Co.
$1,182.00
Income from rents (net)
1,636.50
R. E. Commissions, Wm. Kagan,
Inc.
1,180.00
Adjusted gross income
$3,998.50
Less deductions (10 percent of
gross)
399.85
Balance
$3,598.65
Less 2 exemptions
1,200.00
Taxable income
$2,398.65
*30 During the years 1956 and 1957 Helen received large sums of money for performing abortions, which sums were not reported as income on the joint returns. The respondent determined that the unreported income from this source was $51,750 for 1956 and $12,600 for 1957. In a statement attached to the deficiency notice the respondent explained his determination for 1956 thus: (a) It has been determined that income realized from illegal activities (abortions) was not reported; therefore, taxable income has been increased by the amount of $51,750.00 computed as follows: Gross receipts
$146,625.00
($425.00 X 345 - operations)
Less: Operating expenses -
Average expense for
operation
$275.00
Number of operations
345
($275.00 X 345 - operations)
94,875.00
Net profit
$51,750.00
In the same statement the respondent explained his determination for 1957 as follows: (a) It has been determined that income realized from illegal activities (abortions) was not reported; therefore, taxable income has been increased by the amount of $12,600.00, computed as follows: Gross receipts
$35,700.00
($425.00 X 84 - operations)
Less: Operating expenses -
Average expense for
operation
$275.00
Number of operations
84
($275.00 X 84 - operations)
23,100.00
Net profit
$12,600.00
*31 Petitioner voluntarily signed the joint returns filed by him and Helen for the years 1956 and 1957. In doing so he made no effort to find out any information with respect to Helen's income and whether or not all of her income was being reported. Helen was arrested in 1957 for performing abortions in the State of Virginia and was convicted in 1958 and at the time of the present hearing, May 16, 1961, was in prison in the State of Virginia. On January 31, 1955, petitioner was convicted in the Circuit Court of Fauquier County, Virginia, upon his plea of guilty to five counts for encouraging and prompting the procuring of abortions as charged in an indictment found against him by the grand jury at the September 1954 term of court. He was sentenced but the execution of the sentence was suspended and petitioner was placed on probation under supervision of the probation officer of the court during his good behavior for 5 years from January 31, 1955. At least some part of the deficiencies in income tax with respect to the joint income tax returns filed by petitioner and Helen for the taxable years 1956 and 1957 was due to fraud with intent to evade tax. Opinion The issue has been *32 previously stated. The applicable sections of the 1954 Code are sections 6653(b) and (c), 7454(a) and 6013(d)(3), the material parts of which appear in the margin. [1]
*33 We think respondent has met his burden of proof of fraud with intent to evade tax as provided for in section 7454(a). The evidence is clear and convincing that during the taxable years 1956 and 1957 Helen received large sums of money for performing abortions, which sums were not reported as income in the joint returns filed for those years. One witness for respondent testified that she rented her home to Helen for that purpose at a rental of $250 per month and that she would pick up as many as four girls a night and bring them to the house where Helen would perform the abortion for a cash price, paid in advance, of between $400 and $425 per person. Another witness for respondent testified that he had known Helen for about 10 years; that he had business dealings with her in 1956 and 1957 which consisted of referring names and telephone numbers of girls to Helen, for which Helen paid him a commission of $125 for each referral; and that during 1956 and 1957 his income from such commissions amounted to $6,060 and $2,050, respectively. Respondent also offered the testimony of an investigator for the Virginia State Police. The investigator testified that he asked Helen how much money was *34 being made in "an operation of this type" and that Helen stated that in the last 6 months in which she was engaged in the business she had earned about $30,000. We hold that such gross understatement of income as existed in the joint returns filed for 1956 and 1957 constitutes fraud with intent to evade tax. . It was not necessary for respondent to prove the exact amount of the understatement. The burden of proving that the deficiencies were incorrect is upon petitioner, Rule 32 of our (C.A. 5, 1927), affirming , but, as previously shown, that issue is not before us. Section 6653(b) provides that if "any part" of the "underpayment," namely, "deficiency," is due to fraud, then there shall be added to the tax "50 percent of the underpayment." We further hold that, under section 7454(a), respondent has met his burden of proof of showing that a part of the deficiencies here involved was due to fraud with intent to evade tax. Petitioner contends, nevertheless, that he did not know that Helen had omitted any income from the returns; that since Helen did *35 not join in the filing of the instant petition, the respondent could have proceeded to collect the 50 percent addition from her; and that, therefore, he is not liable for the 50 percent addition. There is no merit in this contention. Congress has, beginning with the Revenue Act of 1938, section 51(b), and continuing with section 51(b) of the 1939 Code and section 6013(d)(3) of the 1954 Code, provided that where a husband and wife file joint returns, "the liability with respect to the tax shall be joint and several." We have consistently held, since the enactment of section 51(b) of the Revenue Act of 1938, that where a husband and wife file joint returns, both are jointly and severally liable for the tax, including the 50 percent addition thereto for fraud even though the fraud may be attributable only to one spouse. , affd., (C.A. 6, 1949); (C.A. 5, 1953), affirming a Memorandum Opinion of this Court; , affd. (C.A. 3, 1953), certiorari denied ; ; *36 . In the last mentioned case we said (p. 755): Under section 51(b) of the 1939 Code, if a joint return is filed by a husband and wife living together, they are jointly and severally liable for the full tax liability. Such liability covers not only the tax itself but also any addition to the tax on account of fraud, notwithstanding that the wife may have signed the return in blank or that she was innocent of the fraud. , affd. , and . [Footnote omitted.] We, therefore, hold that even if petitioner is innocent of the fraud, he is nevertheless liable under section 6013(d)(3), supra, for the 50 percent addition to the tax for each of the years 1956 and 1957. Decision will be entered for the respondent. Footnotes
1. SEC. 6653. FAILURE TO PAY TAX. * * *
(b) Fraud. - If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * (c) Definition of Underpayment. - For purposes of this section, the term "underpayment" means - (1) Income, estate, and gift taxes. - In the case of a tax to which section 6211 (relating to income, estate, and gift taxes) is applicable, a deficiency as defined in that section * * * SEC. 7454. BURDEN OF PROOF IN FRAUD AND TRANSFEREE CASES. (a) Fraud. - In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary or his delegate. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. * * *
(d) Definitions. - For the purposes of this section - * * *
(3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.↩