Lucille Wenker v. Commissioner.
Wenker v. Commissioner
Docket No. 2295-65.
United States Tax Court
T.C. Memo 1966-240; 1966 Tax Ct. Memo LEXIS 45; 25 T.C.M. (CCH) 1237; T.C.M. (RIA) 66240; October 26, 1966
William W. Fink, for the petitioner. Robert F. Cunningham and Bert L. Kahn, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Year
Amount
1958
$ 402.34
1959
950.87
1960
1,118.01
1961
915.52
The sole issue in each year is whether petitioner, having filed joint Federal income tax returns with her then husband, is jointly and severally liable for the tax on the unreported income embezzled by her husband in each year. Respondent has conceded that petitioner is entitled to dependency exemptions for Raymond and Dianne Gross, *46 her son and daughter, for the year 1961. Findings of Fact Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Lucille Wenker (hereinafter referred to as petitioner), a resident of St. Paul, Minnesota, and her then husband, William Wenker (hereinafter referred to as William), filed their joint Federal income tax returns for the years 1958, 1959, 1960, and 1961 with the district director of internal revenue, St. Paul, Minnesota. Petitioner and William were married on or about May 3, 1958. They were divorced on or about April 27, 1964. During the years in question William was employed as a crane operator by American Hoist & Derrick Co. He was also the secretary-treasurer of the Twin Cities and Vicinity Conference Board of the International Union of Molders and Allied Workers (hereinafter referred to as the Union). During this period William embezzled certain funds from the Union. It has been stipulated that the funds embezzled by William amounted to $2,174.16, $4,697.84, $5,655.86, and $4,568.40 in 1958, 1959, 1960, and 1961, respectively. In 1964 William was indicted and *47 entered a plea of guilty to the embezzlement of Union funds. Petitioner had no knowledge of nor did she in any way benefit from the embezzlement. Petitioner and William did not report any portion of the embezzled funds as income on their joint Federal income tax returns for the years 1958, 1959, 1960, or 1961. Respondent has determined that the funds embezzled by William were taxable to petitioner and William as additional income in those years and that petitioner is liable for the tax under section 6013(d)(3) of the Internal Revenue Code of 1954. [1]
Opinion The sole issue is whether petitioner is liable for the tax resulting from the unreported income embezzled by William. Petitioner concedes that under the rule of James v. United States, 366 U.S. 213 (1961), embezzled funds are includable in gross income in the year in which they are received. Her only contention is that the joint liability *48 provision of section 6013(d)(3) is inapplicable to her because she had no knowledge of the embezzlement and did not benefit from the funds taken by her guilty spouse. The facts of this case are not in dispute. During the years in issue William and petitioner were husband and wife. For each of the years 1958, 1959, 1960, and 1961 they filed joint Federal income tax returns. In each of these years the return filed did not include the embezzled funds in gross income. Section 6013(d)(3) provides for joint and several tax liability where a husband and wife elect to file a joint return. It is too well settled to require further discussion that this liability extends to a tax deficiency resulting from unreported income. O'Dell v. United States, 326 F. 2d 451 (C.A. 10, 1964), Jack Douglas, 27 T.C. 306 (1956), affd. sub. nom. Sullivan v. Commissioner, 256 F. 2d 4 (C.A. 5, 1958); Myrna S. Howell, 10 T.C. 859 (1948), affd. 175 F. 2d 240 (C.A. 6, 1949). Finally, petitioner's contention that section 6013(d)(3) is inapplicable to an innocent spouse who has no knowledge of the additional income is without merit. The imposition *49 of joint liability by section 6013(d)(3) is not based on a finding of fault rather than innocence with regard to the particular spouse. It is, instead, based solely upon the spouse's voluntary election to make a joint return. Meyer J. Safra, 30 T.C. 1026 (1958); Jack Douglas, supra. It is our opinion, therefore, that, having filed joint returns with William for each of the years here involved, petitioner is jointly and severally liable for the tax due on the income that was and should have been reported on those returns. Decision will be entered under Rule 50. Footnotes
1. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. (d) Definitions. * * * (3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.↩