MARY L. BUSTRYCKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bustrycki v. Commissioner
Docket No. 9845-83.
United States Tax Court
T.C. Memo 1985-242; 1985 Tax Ct. Memo LEXIS 390; 49 T.C.M. (CCH) 1523; T.C.M. (RIA) 85242; May 22, 1985. *390 Held, M filed a joint Federal income tax return for taxable year 1980. Miscellaneous omissions from gross income determined. Held further, M is not relieved of liability for the deficiency under the "innocent spouse" provisions of sec. 6013(e), I.R.C.
Mary L. Bustrycki, pro se. John T. Lortie, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency of $1,232 in petitioner's 1980 Federal income tax. The issues for decision are: (1) whether petitioner filed a joint Federal income tax return for taxable year 1980; (2) whether petitioner failed to report interest income of $16 in 1980; (3) whether petitioner failed to report as income unemployment componsation in the amount of $3,843 received from the State of Wisconsin *392 during 1980; and (4) if we sustain respondent's 1980 deficiency determination, whether petitioner is relieved of liability for that deficiency under the "innocent spouse" provisions of section 6013(e). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner Mary L. Bustrycki (petitioner) resided in Kenosha, Wisconsin, at the time her petition was filed. For taxable year 1980, a Form 1040 was timely filed with the Internal Revenue Service Center at Kansas City, Missouri, in the names of "Leon J. and Mary L. Bustrycki." The filing status on the return was shown as "married filing joint return." Exemptions were claimed on the return for petitioner, her former husband [2] and their two children. The return reported that petitioner received wages in the amount of $6,407.55 from Hospitality Manor #015 and that Leon received wages in the amount of $26,171.48 *393 from American Motors Corporation. The return reported adjusted gross income of $32,683. During 1980, petitioner received unemployment compensation in the amount of $3,843 from the State of Wisconsin. During that year, Leon received interest income in the amount of $16. Neither petitioner nor Leon reported these amounts on their 1980 Federal income tax return. On October 26, 1983, the Wisconsin Circuit Court entered a Judgment of Divorce with respect to petitioner and her husband. By oral stipulation dated August 1, 1983, the parties to the divorce agreed that: In respect to the 1980 federal and state income tax returns, if it is finally determined that there is a liability on the part of the parties for unemployment compensation not claimed on that return, then the petitioner [petitioner in the instant case] will assume that responsibility and will hold the respondent [Leon] harmless. By the same token, that if there is a final determination that my client [Leon] has liability from 1980 as a result of his filing *394 B-4 exempt, that my client will hold the petitioner [petitioner in the instant case] harmless from that obligation. In the notice of deficiency, respondent determined that petitioner and Leon failed to report as income the entire amount of unemployment compensation and interest income they received during the year in issue. IPINION The first issue for decision is whether petitioner filed a joint return for taxable year 1980. Section 6013(d)(3) provides that a husband and wife are jointly and severally liable for any tax liability determining with respect to a joint return filed by them. In the notice of deficiency, respondent determined that petitioner and Leon filed a joint return for taxable year 1980. Respondent therefore determined that petitioner was liable for the deficiency in tax computed on the basis of that return. Petitioner does not dispute that a joint filing status was elected on the 1980 Form 1040 filed in her name and the name of her former husband. Rather, petitioner contends that she neither signed the return nor authorized anyone to sign the return on her behalf. We disagree. The record contains no evidence supporting petitioner's contention. At *395 trial, petitioner refused to present witnesses or testify on her own behalf. The only evidence presented by petitioner were copies of: (1) the 1980 Federal income tax return in issue, (2) respondent's notice of deficiency for petitioner's taxable year 1980 and (3) the 1983 Judgment of Divorce entered by the Wisconsin Circuit Court. Respondent's determination is presumptively correct and petitioner bears the burden of proving that she did not file a joint return for 1980. Howell v. Commissioner,10 T.C. 859, 866 (1948), affd. 175 F.2d 240 (6th Cir. 1949). In the absence of petitioner's testimony under oath or other evidence casting doubt on the validity of her signature, we find that petitioner and her former husband filed a joint Federal income tax return for taxable year 1980. Consequently, petitioner is jointly and severally liable for any tax liability determined with respect to that return. The next issue for decision is whether petitioner failed to report interest income of $16 in 1980. Section 61(a)(4) specifically identifies interest as an item of gross income. Prior to trial, petitioner stipulated that Leon received interest income of $16 *396 from Republic Savings and Leon Association during 1980. Petitioner offered no valid reason to exclude this interest from income in 1980. We therefore sustain respondent's determination on this issue. The next issue for decision is whether petitioner failed to report as income unemployment compensation in the amount of $3,843 she received from the State of Wisconsin during 1980. Section 85 specifically addresses the inclusion of unemployment compensation in income. This section provides in pertinent part as follows: (a) IN GENERAL.-- If the sum for the taxable year of the adjusted gross income of the taxpayer * * * and the unemployment compensation exceeds the base amount, gross income for the taxable year includes unemployment comensation in an amount equal to the lesser of-- (1) one-half of the amount of the excess of such sum over the base amount, or (2) the amount of the unemployment compensation. In the context of a joint return, section 85(b) defines the term "base amount" as $25,000. Respondent contends that petitioner should have included the entire amount of unemployment compensation she received from the State of Wisconsin in income for 1980. We agree. *397 Petitioner stipulated that she received unemployment compensation in the amount of $3,843 from the State of Wisconsin during 1980. Increasing the amount of adjusted gross income reported on her 1980 Federal income tax return by the unreported interest income of $16, petitioner's adjusted gross income for 1980 totalled $32,699.Thus, the sum of petitioner's adjusted gross income and unemployment compensation for 1980 equaled $36,542. Because this amount exceeds the base amount of $25,000, petitioner must report as income the lesser of: (1) one-half of the excess amount ($5,771) or (2) the unemployment compensation amount ($3,843). Consequently, we find that petitioner and her former spouse were required, but failed, to report as income unemployment compensation in the amount of $3,843 in 1980. The final issue for decision is whether petitioner is relieved of liability for the 1980 tax deficiency under the "innocent spouse" provisions of section 6013(e). To claim the benefits of section 6013(e), [3] petitioner must establish that: (A) a joint return has been made under this section [section 6013] for a taxable year, (B) on such return there is a substantial understatement *398 of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, * * *. Petitioner maintains that she did not know and had no reason to know that her former husband had substantially understated income on their 1980 Federal income tax return. The record, however, contains no evidence to support petitioner's contention. As discussed above, petitioner refused to testify at trial. Petitioner's assertion on brief that she was unaware of the omissions, standing alone, is insufficient to satisfy her burden of proving that she is entitled to relief under the "innocent spouse" provisions of section 6013(e). Moreover, even *399 if we accept petitioner's contention that she was unaware of the omissions, section 6013(e)(1)(B) states that the understatement of tax must be attributable to a grossly erroneous item of the other spouse.Here, petitioner, rather than her former husband, received the unemployment compensation in issue. Consequently, section 6013(e)(1)(B) precludes petitioner from claiming the benefit of section 6013(e) with respect to the unreported unemployment compensation. Accordingly, for the reasons stated above, respondent's deficiency determination for 1980 is sustained. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. During the year in issue, petitioner was married to Leon J. Bustrycki (Leon). Petitioner and Leon were subsequently divorced on October 26, 1983.↩
3. Section 6013(e)↩ was amended by section 424(a), Deficit Reduction Act of 1984, 98 Stat. 494, to read as quoted in the text, effective for all years to which the Internal Revenue Code of 1954 applies.