T.C. Summary Opinion 2010-107

UNITED STATES TAX COURT

LAURA A. BRADY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22969-08S.               Filed August 2, 2010.

Laura A. Brady, pro se.

<u>John K. Parchman</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This section 6015(e)[1] case
was heard pursuant to the provisions of section 7463.  Pursuant
to section 7463(b), the decision to be entered is not reviewable

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the
relevant period.

by any other court, and this opinion shall not be treated as precedent for any other case.

In a final notice of determination dated June 26, 2008, respondent denied petitioner's claim for section 6015(f) relief with respect to the joint and several liability arising from a 2003 Federal income tax return considered by respondent to have been jointly filed by petitioner and Gregory Harris (Mr. Harris). See sec. 6064.[2]

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Arkansas.

Petitioner and Mr. Harris first met sometime towards the end of 2002. They were married on March 31, 2003. Afterwards petitioner and one of her children from a previous marriage moved in with Mr. Harris. This was petitioner's third marriage. Apparently, the third time is not always the charm. Petitioner and Mr. Harris separated in early 2004 and were divorced on July 26 of that year. All told, they lived together for less than 1 year.

Petitioner was not employed during 2003 and otherwise had no obligation to file a Federal income tax return for that year. At

---

[2]Sec. 6064 provides "The fact that an individual's name is signed to a return * * * shall be prima facie evidence for all purposes that the return * * * was actually signed by him."

some point before October 2004 and in response to a request by Mr. Harris, she provided him with her Social Security number and the Social Security number of her child that lived with them.

On October 18, 2004, respondent received and caused to be filed a 2003 joint Federal income tax return Mr. Harris prepared. That return was signed by Mr. Harris. Although the return also shows a signature purporting to be petitioner's, she did not sign the return or authorize anyone else to do so on her behalf. Apparently, a large portion of the tax reported on that return was not paid with the return and has not been paid since.

Petitioner first became aware of the liability arising from the 2003 return when she was notified by respondent that a $28 refund claimed on her 2004 Federal income tax return was being applied to her outstanding 2003 tax liability.

## Discussion

Section 6015 relief from joint and several liability is not available to a taxpayer for any given year if the taxpayer did not file a joint Federal income tax return with the taxpayer's spouse for that year. See Raymond v. Commissioner, 119 T.C. 191, 194-197 (2002).

According to petitioner, the 2003 return Mr. Harris prepared should not be treated as her return because she neither signed it nor consented to its being signed on her behalf. Respondent now agrees that petitioner did not sign the return. Nevertheless,

according to respondent, Mr. Harris prepared the 2003 return with the implicit consent of petitioner, and it would not be inequitable to hold her liable for the income tax liability arising from that return.  See secs. 6013(a), 6015(f).

We recognize that if both spouses intend and consent to file a joint Federal income tax return for any given year, then the failure of one spouse to sign the return for that year will not necessarily preclude its treatment as a joint return.  See, e.g., Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971); see also Heim v. Commissioner, 27 T.C. 270, 273-274 (1956), affd. 251 F.2d 44 (8th Cir. 1958); Magee v. Commissioner, T.C. Memo. 2005-263; sec. 1.6013-1(a)(2), Income Tax Regs.

We further recognize that the requisite "consent" may be inferred from behavior.  In determining whether a nonsigning spouse consented to file a joint return for any given year, various factors are taken into account, such as:  (1) Whether the returns were prepared pursuant to an established practice of preparing and filing joint returns; (2) whether the nonsigning spouse failed to object to the filing of a joint return; (3) whether an affirmative act was taken indicating an intention to file other than jointly; (4) whether one spouse entirely relied on the other spouse to file returns; (5) whether the spouse examined returns presented for a signature; (6) whether separate returns were filed; (7) whether the returns included the income

and deductions of the nonsigning spouse; and (8) whether the nonsigning spouse was aware of the contents of the purported joint returns. Estate of Campbell v. Commissioner, supra at 12-13; Howell v. Commissioner, 10 T.C. 859 (1948), affd. per curiam 175 F.2d 240 (6th Cir. 1949); Boyle v. Commissioner, T.C. Memo. 1994-294; Evans v. Commissioner, T.C. Memo. 1982-700.

According to respondent, because petitioner supplied Mr. Harris with her Social Security number and the Social Security number of one of her children, she was aware of his intention to file a joint return on her behalf and consented to his doing so. The sharing of tax information between spouses, no doubt, might be an indicia of the consent of each to file a joint return with the other. Be that as it may, Mr. Harris would have needed the same information because he was otherwise entitled to additional exemption deductions for petitioner and her child regardless of whether a joint return was filed. See sec. 151(a), (b), (c), (e). There is no direct evidence on the point in the record, and we have no basis for choosing one plausible explanation over the other.

The marriage between petitioner and Mr. Harris lasted less than 18 months. They obviously had no occasion to file, or history of filing, a joint Federal income tax return with each other for any year before 2003. In fact, the 2003 return here in question was not prepared and filed until after they were

divorced. Petitioner did not sign the return, she was not employed during 2003, and she had no obligation to file a Federal income tax return for that year. See sec. 6012(a). We find that the 2003 return Mr. Harris prepared that gave rise to the 2003 income tax liability from which petitioner seeks relief is neither a joint return as contemplated by section 6013(a) nor petitioner's return. Accordingly, because petitioner did not file a joint return with Mr. Harris for 2003, relief from her outstanding 2003 Federal income tax liability, if otherwise available, is not available in this proceeding.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>denying petitioner's request for</u>
<u>relief under section 6015</u>.