## HOWELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10811.

United States Court of Appeals
Sixth Circuit.
June 15, 1949.

Robert H. Trenkamp, Cleveland, Ohio (John H. Ritter, Cleveland, Ohio, on brief; Miller & Hornbeck, Cleveland, Ohio, of counsel), for petitioner.

Irving I. Axelrad, Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack, Melva M. Graney, Washington, D. C., on brief), for respondent.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

The principal question presented by this petition to review is whether the assessment and collection of deficiencies in income taxes for the years 1940, 1941, and 1942 are barred as to petitioner by the three-year limitation of § 275(a), Int.Rev.Code, 26 U.S.C.A. § 275(a). Petitioner is the wife of Charles J. Howell, of Cleveland, Ohio, who has heretofore been indicted, pleaded guilty, and been sentenced for filing false and fraudulent income tax returns for the years 1939 to 1943, inclusive. The returns for 1940, 1941 and 1942 involved in the criminal proceedings against Howell are the same returns involved herein. They were all joint returns, and those for 1940 and 1942 were signed by both Howell and petitioner. The 1941 return was signed and verified by Howell only. The Tax Court, citing a former Tax Court opinion, held that where a husband files a joint return without objection of the wife, who fails to file a separate return, it will be presumed the joint return was filed with the tacit consent of the wife. Petitioner filed no separate return for 1940, 1941 and 1942. Counsel for petitioner does not attack this conclusion in this court.

The Tax Court concluded as ultimate facts upon all the evidence that petitioner had income and deductions; that the returns for 1940, 1941 and 1942 were joint returns of petitioner and her husband, and that each of the returns was fraudulently filed with intent to evade tax. It therefore held petitioner jointly and severally liable for the deficiencies and penalties under § 51(b) of the Revenue Code of 1938, 26 U.S.C.A. § 51(b), which expressly provides that in the case of a husband and wife living together, where the income of each is included in a single return made jointly "liability with respect to the tax shall be joint and several."

The Tax Court made no express finding of fraud on the part of petitioner, and therefore, while petitioner concedes liability, she contends that proceedings to assess and collect the deficiencies are barred under § 275(a), Int.Rev.Code. The Tax Court found that § 276(a), 26 U.S.C.A. § 276(a), controls and permits the assessment or proceeding in court to collect the tax at any time because the returns involved were false and fraudulent and filed with intent to evade the tax.

We think petitioner's contention has no merit. Petitioner seeks in effect to have this court amend § 51(b) of the Revenue Act of 1938 by holding that under the circumstances there described the liability of husband and wife with respect to the tax shall be joint and several in case only of non-fraudulent returns. The courts are not authorized to make changes in statutes, and the express wording of § 51(b) requires the contrary conclusion. The 50% penalty is required by the statute under this record, § 293(b), Int.Rev.Code, 26 U.S.C.A. § 293(b), and is a civil penalty. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. The deficiencies in income tax constitute a civil liability. The existence of liability both for the penalties and the deficiencies is determined by the wording of § 51(b), which makes no distinction as to whether the transactions out of which the liability arises are fraudulent or nonfraudulent.

The Tax Court's findings are supported by ample evidence and are binding in this court. The fact that petitioner was not the moving spirit in the fraud is immaterial on the question of her liability. Since the

returns are false and fraudulent and were filed with intent to evade the tax, there is no limitation either upon the assessment or upon the court proceeding to collect the tax. § 276(a), Int.Rev.Code, 26 U.S.C.A. § 276 (a). It may be begun "at any time."

The decision and order of the Tax Court are affirmed.