ARTHUR N. DELLIT AND URSULA MAE DELLIT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44204.   Filed June 21, 1955.

*George T. Evans, Esq.*, for the petitioners.
*Frank C. Conley, Esq.*, for the respondent.

#### OPINION.

VAN FOSSAN, *Judge:* Respondent determined a deficiency in income tax of petitioners for the year 1948 in the amount of $4,251.62, to which he added an addition to the tax of $2,125.81 for fraud.   Petitioners duly filed their petition, which was signed by both.   Respondent filed his answer alleging fraud and petitioners duly filed their reply.   Respondent later filed an amended answer and petitioners duly filed their amended reply.   The case came on for hearing on the circuit calendar at Denver, Colorado, on May 2, 1955.

At the hearing counsel for the petitioners appeared and submitted a stipulation agreeing that there was a deficiency in income tax for 1948 in the amount of $4,251.62 and a penalty of $2,125.81.   This stipulation was signed by petitioner Arthur N. Dellit only.   The whereabouts of petitioner Ursula Mae Dellit was stated to be unknown. Respondent filed a photostatic copy of petitioners' joint income tax return for 1948.

The parties, by counsel, submitted a single question for decision, i. e.—is the petitioner Ursula Mae Dellit jointly and severally liable with her husband, Arthur N. Dellit, for the deficiency in tax and the fraud penalty for the year 1948?

The case falls under section 51 of the Internal Revenue Code of 1939, which provides that where a husband and wife file a joint return the liability with respect to the tax shall be joint and several. In *Myrna S. Howell*, 10 T. C. 859, affd. 175 F. 2d 240, this Court dealt in full measure with section 51 of the Code and the effect thereof on the liability of the parties to a joint return.   We there stated:

Prior to the Revenue Act of 1938, section 51 (b) did not specifically impose joint and several liability upon spouses as a condition upon the exercise of the privilege of filing joint returns.   However, section 51 (b) was amended by the Revenue Act of 1938 to read as follows:

SEC. 51. INDIVIDUAL RETURNS.

\* \* \* \* \* \* \*

(b) HUSBAND AND WIFE.—In the case of a husband and wife living together the income of each (even though one has no gross income) may be

included in a single return made by them jointly, in which case the tax shall be computed on the aggregate income, and the liability with respect to the tax shall be joint and several. * * *

The section was thus amended so "that any doubt as to the existence of such liability should be set at rest." Committee on Ways and Means Report No. 1860, 75th Cong., 3d sess., pp. 29–31.[1]

Petitioner and her husband were living together in the taxable years. Since she elected to file a joint return with her husband, her liability with respect to the tax for 1940, 1941, and 1942 is clearly joint and several under section 51 (b) as amended and applicable here.

Section 293 (b) of the Internal Revenue Code requires, if any part of a deficiency is due to fraud with intent to evade tax, the addition to such deficiency of 50 per centum of the total amount of the deficiency. This is a civil penalty. *Helvering* v. *Mitchell*, 303 U. S. 391. It is admitted that the deficiencies for 1940, 1941, and 1942 were due to fraud with intent to evade tax. Whether the fraud is that of the husband or wife, or both, is immaterial under the statute. The liability is joint and several. The 50 per centum addition to the tax is mandatory.

See also *W. L. Kann*, 18 T. C. 1032, affd. (C. A. 3) 210 F. 2d 247, certiorari denied 347 U. S. 967.

In the instant case we have the situation in which a joint return was filed and where the husband and wife jointly filed their petition for redetermination. The husband has admitted liability for the tax and penalty and signed a stipulation to this effect. Under the law, the wife is jointly and severally liable for the tax and penalty. The burden of proof as to the tax liability rested on petitioners, and as to fraud, rested on respondent. The liability for the tax and penalty are admitted by petitioner Arthur N. Dellit and liability of the wife Ursula Mae Dellit for the tax and penalty is established by the pleadings and the evidence before us.

Pursuant to the stipulation and to the evidence before us,

> *Decision will be entered finding the petitioners jointly and severally liable for the tax and penalty above determined.*

---

"[1] Section 51 (b) of the bill expressly provides that the spouses, who exercise the privilege of filing a joint return, are jointly and severally liable for the tax computed upon their aggregate income. It is necessary for administrative reasons, that any doubt as to the existence of such liability should be set at rest, if the privilege of filing such joint returns is continued."