Estate of Adolph Diamond, Deceased, Fay Diamond and Morris Weiss, Executors, and Fay Diamond a.k.a. Fannie Diamond, Surviving Wife v. Commissioner.
Estate of Diamond v. Commissioner
Docket No. 53384.
United States Tax Court
T.C. Memo 1960-264; 1960 Tax Ct. Memo LEXIS 28; 19 T.C.M. (CCH) 1477; T.C.M. (RIA) 60264; December 8, 1960
James A. Ronayne, Esq., 120 Broadway, New York, N. Y., for the petitioner Estate of Adolph Diamond, deceased. Charles M. Greenspan, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined deficiencies in petitioners' income tax and additions to tax for the years and in the amounts as follows: Addition to Tax, Sec.
Year
Deficiency
293(b), I.R.C. 1939
1948
$40,258.80
$20,129.40
1949
38,360.88
19,180.44
1950
46,183.84
23,091.92
1951
32,737.55
16,368.78
When this case was called for trial counsel for the estate of Adolph Diamond, deceased, filed a stipulation agreeing to the aforesaid deficiencies and additions to tax. Fay Diamond, a.k.a. Fannie Diamond, died on *29 March 4, 1956. Apparently no one has been appointed to represent her estate, although this case has been continued several times for that reason, and no one appeared in behalf of her estate at the trial. At the opening of the trial respondent's motion for judgment against Fay Diamond, deceased, for the deficiencies in tax was granted, and respondent introduced evidence to prove fraud against her. The only issue is whether Fay Diamond, deceased, is liable for the additions to tax. The statute of limitations was not pleaded as a defense. Findings of Fact Adolph Diamond and Fay Diamond were husband and wife and filed joint Federal income tax returns for the years 1948, 1949, 1950, and 1951 with the collector of internal revenue for the second district of New York. Adolph Diamond died August 22, 1951. By statutory notice of deficiency dated March 12, 1954, addressed to the "Estate of Adolph Diamond, Deceased Mrs. Fay Diamond and Mr. Morris Weiss, Executors, and Mrs. Fay Diamond a/k/a Fannie Diamond, Surviving Wife," respondent determined the above deficiencies in tax and additions to tax. A joint petition for rede-determination was filed on behalf of the estate of Adolph Diamond *30 and Fay Diamond, individually, on June 7, 1954. The petition was signed by the attorney presently representing the estate of Adolph Diamond, and was verified by Fay Diamond both in her individual capacity and as executrix of the estate of Adolph Diamond. The petition admits that joint returns were filed for the years involved. During the years involved Adolph Diamond was in the textile piece goods business in New York City. The business was operated in the name of Adolph Diamond as a sole proprietorship although Fay Diamond worked in the business and usually handled the cash register and apparently had an interest in the business. There were approximately 20 employees in the business including Adolph and Fay, their 3 sons and 1 daughter, and a son-in-law. Most of the sales were made to the retail trade, almost exclusively for cash. No cash register tapes were kept by the business. The only way in which cash sales were recorded in the books of the business was when daily deposits were made in the business bank account. The examining revenue agent discovered that there were at least 8 bank accounts, in addition to the business bank account, into which proceeds from the business were *31 deposited. There were 2 of these accounts each in the name of 2 of the sons and a daughter-in-law, and 1 each in the name of Adolph and Fay. The sons told the agent that the accounts in their names were opened and controlled by their father and that they had no beneficial interest therein. There were also numerous, periodic, and substantial deposits in these accounts during the years involved from unexplained sources. The agent also found 4 stock brokerage accounts in the names of Adolph, Fay, and 2 of the sons into which substantial deposits were made from time to time, sometimes from the bank accounts and sometimes from undisclosed sources. The sons also disclaimed any beneficial interest in or control over the accounts in their names. Adolph and Fay failed to report on their income tax returns certain dividend income in each of the taxable years in amounts ranging from $673.26 to $1,310. Petitioners deducted as business expense in each of the taxable years except 1951 certain personal expenses and payments made to relatives which were not related to the business. There are deficiencies in the income tax liability of Adolph and Fay Diamond for each of the years 1948, 1949, *32 1950, and 1951 in the amounts determined by respondent. At least a part of the deficiency for each year was due to fraud with intent to evade tax. Opinion Petitioner Fay Diamond died after the petition was filed, and there was no substitution of parties or representation of her or her estate at the trial. See Rule 23, Rules of Practice of the Tax Court of the United States. But this does not divest the Tax Court of its jurisdiction to decide the issue presented. Roy R. Yeoman, 25 T.C. 589. The burden of proof as to the tax liability rested on petitioners, and absent any tender of proof on the part of petitioner, respondent's motion for judgment for the deficiencies in tax was granted. There is no question in this case that the returns filed for each year were joint returns of Adolph and Fay Diamond, and Fay and Adolph's estate filed a joint petition. Adolph's estate has admitted liability for the full amount of the tax and addition to tax and has filed a stipulation to that effect, signed by the surviving executor of the estate and the attorney who originally represented both petitioners. Under section 51(b), I.R.C. 1939, if a joint return is filed by a husband *33 and wife living together they are jointly and severally liable for the full tax liability; and such liability covers not only the basic tax but also any addition to tax on account of fraud. Myrna S. Howell, 10 T.C. 859, affd. 175 F. 2d 240 (C.A. 6, 1949); W. L. Kann, 18 T.C. 1032, affd. 210 F. 2d 247 (C.A. 3, 1953), certiorari denied 347 U.S. 967; Arthur N. Dellit, 24 T.C. 434; Emilie Furnish Funk, 29 T.C. 279, remanded on other grounds 262 F. 2d 727 (C.A. 9, 1958). But see Macias v. Commissioner, 255 F. 2d 23 (C.A. 7, 1958). It would appear that this case is controlled by our decision in Arthur N. Dellit, supra, and, without more, Fay Diamond is liable for the additions to tax for fraud as well as for the tax itself. Cf. Jack Douglas, 27 T.C. 306, 315, which case is, however, distinguishable on its facts from this case. Nevertheless, respondent has introduced evidence sufficient in our opinion to carry his burden of proving fraud and we have found as a fact from the evidence presented that a part of the deficiency for each year was due *34 to fraud with intent to evade tax. Consequently, Fay Diamond and the estate of Adolph Diamond are jointly and severally liable for the full amount of the deficiencies in tax and additions to tax for each of the years involved. Decision will be entered for respondent against both petitioners.