*Decision will be entered under Rule 50.*

Estate of R. L. Adame, Deceased, Consuelo C. Adame, Independent Executrix, and Consuelo C. Adame, Surviving Wife, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 79014. Filed January 22, 1962.

*Hume Cofer, Esq.*, and *Douglass D. Hearne, Esq.*, for the petitioners.
*Roy E. Graham, Esq.*, for the respondent.

808

## OPINION.

BLACK, *Judge:* A large portion of the alleged deficiencies was based upon respondent's contention that $51,845.06 which Adame unlawfully obtained from the school districts constituted unreported taxable income. In addition, respondent asserts that there were further amounts of $1,200 not reported by petitioners in 1948 from a real estate transaction, and three items of $52, $160, and $1,498.04 not reported by petitioners in 1952 described in our Findings of Fact. Petitioners claim that the deficiencies asserted for the years 1948 through 1952 are barred by the statute of limitations and respondent has asserted the statutory exception to limitation on the grounds that there was a willful attempt and fraudulent intent to evade the taxes claimed.[1]

---

[1] Internal Revenue Code of 1939.
SEC. 276. SAME—EXCEPTIONS.
(a) FALSE RETURN OR NO RETURN.—In the case of a false or fraudulent return with

For the years 1948 through 1953, respondent has the burden of proof as to the issue of fraud.[2] As to the year 1953 in which petitioners do not plead the statute of limitations petitioners have the burden of proof to overcome the presumption of correctness of the Commissioner's determination of deficiencies. Respondent has the burden of proof to show fraud for that year.

As we have already stated, there are other amounts claimed by respondent to be unreported income other than the amounts obtained by Adame in the illegal manner detailed in our Findings of Fact. The respondent asserts that in 1948 petitioners had an unreported long-term capital gain of $1,200 from the sale of a house and lot. Petitioners failed to report this in 1948 but the testimony conclusively established that the cost of the improvements equaled or exceeded the alleged gain. The sale of the house was not reported because, as Consuelo testified, Adame told her "We didn't make any money on it." There was no income to petitioners resulting from this transaction.

Petitioners concede that the sum of $160 was not reported by them in 1952 but contend that this was an inadvertent error. Respondent asserts that there was an additional sum of $52 received by petitioners and not reported in 1952. However, the evidence convinces us that this amount was a reimbursement to Adame for the cost of a scholastic school census roll. We believe that there is sufficient evidence to conclude that the $52 was a reimbursement and, therefore, did not represent income to Adame.

Also, there is an amount of $1,498.04 disallowed by respondent for 1952 to Adame for office and travel expenses. Adame received $1,960 in 1952 for office and travel expenses, and, of this, the Commissioner disallowed $1,498.04. Adame was allowed by the school district $90 per month for office and travel expenses or a total of $1,080 per year. The evidence supports the finding that Adame's expenditures exceeded $90 per month on the average. It has also been shown that of the total amount received by Adame in 1952, $360 was for travel and office expenses for 1951 not previously drawn by Adame and $520 was an advance for 1953. Because the school year commenced in September and differed from the school fiscal year, Adame was not in the habit of drawing his office and travel allowance money monthly but frequently took advances or waited and collected accumulated sums previously due him.

---

intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

[2] Internal Revenue Code of 1939.

SEC. 1112. BURDEN OF PROOF IN FRAUD CASES.

In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner.

In light of the foregoing circumstances, we cannot find any evidence of fraud as to these items. We certainly would not find that the joint returns were false and fraudulent because of the alleged omission of the items which we have just named. There was income to Adame as to the $160 additional salary which Adame received in 1952 and we are convinced that this was inadvertently omitted from the joint return in 1952 and was not an intentional omission.

In addition to the $1,080 paid him in 1952 for office and travel expenses, Adame received a total of $360 in 1952 for 1951 travel and office expenses not previously drawn by him. The $360 constitutes a reimbursement to petitioner and should be excluded from taxable income. Adame used his own funds in 1951 for these expenses and when this amount was repaid to him in 1952, it did not constitute income to him. The amount was, in effect, an advancement by petitioner to his employer, *Henry F. Cochrane*, 23 B.T.A. 202 (1931).

The sum of $520 which Adame drew in 1952 as an advance for his 1953 office and travel expenses, however, should be included in Adame's taxable income for 1952. Petitioner has not shown that his expenses for 1952 were greater than $1,080 and the $520 was not shown to have been utilized in that year for this purpose. Adame, of course, would be entitled to a deduction in 1953 for these expenses if he incurred and paid them, but as to 1952, the $520 represents taxable income to him in 1952. We hold, however, that it was not fraudulently omitted from the 1952 joint return which was filed by petitioners.

But the omission of the income which Adame received in each of the taxable years in the illegal manner which we have detailed in our Findings of Fact and for which he was twice convicted of theft, presents an entirely different question from the comparatively small items mentioned above. These illegal amounts have been stipulated and are not in doubt.

As we understand the contention of petitioners in their briefs which we have carefully studied and considered, it is about like this: The Supreme Court in the recent case of *James* v. *United States*, 366 U.S. 213 (1961), expressly overruled *Commissioner* v. *Wilcox*, 327 U.S. 404 (1946). Therefore, petitioners concede that all the funds illegally taken by Adame in the manner discussed in our Findings of Fact constitute taxable income to Adame and would have to be included in the taxable income of petitioners provided that the years are still open. However, petitioners contend that the statute of limitations has run against all the years in question except the year 1953. The reason advanced by petitioners in their contention that the statute of limitations has run against all the years except 1953 is that the statute of limitations as to these years would only be arrested by the filing of a "false or fraudulent return with intent to evade tax"

as provided in section 276 of the 1939 Code. Petitioners contend that while the *James* case expressly overruled the *Wilcox* case, nevertheless under the doctrine of the Supreme Court in the *James* case, the above section of the 1939 Code could not be applicable because Adame embezzled said funds from the Duval County school districts and at the time these funds were embezzled, under the *Wilcox* case, the embezzled funds did not constitute taxable income. There might be merit to petitioners' argument as to these taxable years, 1948 to 1952, inclusive, if the moneys illegally taken by Adame from the school districts of Duval County were, in fact, taken by embezzlement. But Adame was not found guilty of embezzlement. He was found guilty of theft and in our Findings of Fact we have stated the findings of the juries and the judgments of the courts. While it is true that the Supreme Court in the *Wilcox* case uses the words theft and embezzlement as if they meant the same thing, what the Court really decided was that money taken by Wilcox as an embezzler did not constitute taxable income to him. Wilcox had been indicted for embezzlement and he had been convicted as an embezzler. In the instant case Adame was never convicted as an embezzler—he was convicted of theft by false pretext. We do not think it can reasonably be claimed under *Commissioner* v. *Wilcox, supra,* that these illegal sums obtained by Adame were obtained by embezzlement and that he was an embezzler and that the sums did not represent taxable income to him. We do not think that the recent decision of the Supreme Court in the *James* case is controlling in the instant case.

As was said by the Supreme Court in *Rutkin* v. *United States,* 343 U.S. 130 (1952) :

We do not reach in this case the factual situation involved in Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S. Ct. 546, 90 L.Ed. 752. We limit that case to its facts. There embezzled funds were held not to constitute taxable income to the embezzler under sec. 22(a). The issue here is whether money extorted from a victim with his consent induced solely by harassing demands and threats of violence is included in the definition of gross income under sec. 22(a). We think the power of Congress to tax these receipts as income under the Sixteenth Amendment is unquestionable. The broad language of sec. 22(a) supports the declarations of this Court that Congress in enacting that section exercised its full power to tax income.[11] We therefore conclude that sec. 22(a) reaches these receipts. [Footnote omitted.]

It is true that there were some dissenters in the *Rutkin* case but it is the majority opinion that we must heed and not the opinion of the dissenting Justices.

Therefore, in harmony with what we conceive to be the interpretation of section 22, I.R.C. 1939, by the Supreme Court in the *Rutkin* case, we hold that the illegal funds taken by Adame from the Duval County school districts by theft represented taxable income to him at

the time they were taken and should have been reported as income received on the joint returns filed by Adame and Consuelo. Cf. *Henry C. Boucher*, 18 T.C. 710 (1952).

Now the next question is whether the omissions from the returns in each of the years 1948 to 1952, inclusive, "were false or fraudulent with intent to evade tax." Respondent concedes that if they were not so, then the statute of limitations for each of the years 1948 to 1952, inclusive, bars the deficiencies and respondent also concedes that the burden of proof is upon him to prove that the returns were false or fraudulent. Has respondent met this burden of proof? We think he has.

In the case of *Henry C. Boucher, supra*, we said:

> On the fraud issue we are also compelled to sustain the determination. Petitioner was concededly in receipt of large sums which he failed to report as income without any satisfactory explanation. Although the burden is upon respondent on this aspect of the case, we conclude that it has been sustained. *Arlette Coat Co.*, 14 T.C. 751; *Harry Sherin*, 13 T.C. 221; *Aaron Hirschman*, 12 T.C. 1223.

Where joint returns are filed by a husband and wife, the liability for taxes and additions to tax for fraud are joint and several. *Myrna S. Howell*, 10 T.C. 859 (1948), affd. 175 F. 2d 240 (C.A. 6, 1949). As we have already stated, petitioners concede that the statute of limitations has not run for the year 1953. A waiver for that year was filed. Therefore, petitioners concede that because of the recent *James* case in which the Supreme Court overruled the *Wilcox* case, the $8,506.51 which Adame received in 1953 from the Duval County school constitutes unreported taxable income. But petitioners contend that under the doctrine announced by the Supreme Court in the *James* case the additions to tax for fraud should not be sustained. For reasons which we have already stated petitioners are not sustained in that contention. We hold that the addition to tax for 1953 for fraud under section 293(b) was correctly imposed. Petitioners are liable for additions to tax under section 294(d)(1)(A) for the years 1948 to 1953, inclusive. No evidence has been introduced to the contrary. The amounts thereof will, of course, be recomputed under Rule 50. But petitioners are not liable for additions to tax under section 294(d)(2); respondent concedes that his additions to tax under this section were error.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

RAUM, FORRESTER, DRENNEN, and FAY, *JJ.*, concur in the result.

FISHER, *J.*, concurs in the results with respect to the fraud issues.