L. Fred Talbot and Mildred A. Talbot v. Commissioner.
Talbot v. Commissioner
Docket No. 59538.
United States Tax Court
T.C. Memo 1963-311; 1963 Tax Ct. Memo LEXIS 35; 22 T.C.M. (CCH) 1638; T.C.M. (RIA) 63311; November 25, 1963
Nathan L. Cohen, for petitioner Mildred A. Talbot. H. Kent Holman, for respondent. FAY
mined deficiencies in the petitioners' income tax and additions to tax for the indicated years, as follows: Additions to Tax
§ 293(b)
§ 294(d)(1)(A)
§ 294(d)(2)
Year
Deficiency
I.R.C. 1939
I.R.C. 1939
I.R.C. 1939
1948
$36,401.54
$18,200.77
$2,212.79
1949
41,686.99
20,843.50
2,575.30
1950
23,617.84
11,808.92
$2,642.56
1,336.53
1951
7,923.14
3,961.57
658.08
394.85
*36 Petitioners duly filed their petition, which was verified by both. Respondent filed an answer and then an amended answer to the petition. Petitioners duly filed their reply to respondent's amended answer. The case came on for hearing on October 9, 1963. At the hearing respondent's counsel appeared and submitted a stipulation which provided, in part, as follows: It is stipulated that there are deficiencies in income taxes and additions to the tax due from these petitioners for the taxable years 1948 to 1951, inclusive, without considering the jeopardy assessments made before the issuance of the deficiency notice, as follows: Deficiency
Additions to the Tax
§ 293(b)
§ 294(d)
Year
Income Tax
1939 Code
1939 Code
1948
$16,728.82
$ 8,364.41
$1,032.43
1949
39,152.59
19,576.30
2,423.24
1950
19,379.88
9,689.94
2,886.02
1951
3,484.34
1,742.17
342.73 This stipulation was signed by petitioner Mildred A. Talbot only. Petitioner L. Fred Talbot did not appear at the hearing. Since Mildred has reached an agreement with respondent in connection with her liability for taxes and additions to tax, the only issue remaining for decision *37 is whether Fred is liable for the deficiencies and additions to tax for the years 1948 to 1951, inclusive, as determined by the respondent. Findings of Fact The petitioners are husband and wife and for the years 1948 to 1950, inclusive, filed their income tax returns with the collector of internal revenue in Portland, Oregon. The petitioners' return for the year 1951 was filed with the collector of internal revenue, Sixth District of California. During the years 1948 to 1951, inclusive, Fred was engaged in various forms of gaming or gambling ventures. On their joint income tax returns for the years 1948 to 1950, inclusive, petitioners reported net income of $29,194.11, $23,210.38 and $14,535.33, respectively. For the year 1951 petitioners reported a loss of $2,598.42. Petitioner Mildred admitted that the following net worth statement correctly states the unreported income of herself and Fred for the years 1945 to 1951, inclusive: DETERMINATION OF INCOME ON NET WORTH BASIS 12/31/44
12/31/45
12/31/46
12/31/47
Cash in Bank
$ 760.76
$ 1,704.99
$ 4,261.63
$ 2,108.88
U.S. Savings Bonds
1,275.00
1,650.00
1,650.00
1,650.00
Accounts and Notes
61,333.33
Receivable
Real Estate
9,521.23
11,142.41
53,832.71
36,981.98
Real Estate & Investment
- California
Business Investments
1,400.00
3,171.75
24,179.90
33,331.83
Personal Assets
4,322.84
10,948.54
19,684.13
26,646.97
Net Worth
$17,279.83
$28,617.69
$103,608.37
$162,052.99
Less: Prior Year Net
17,279.83
28,617.69
103,608.37
Worth
Increase in Net Worth
$11,337.86
$ 74,990.68
$ 58,444.62
Add: Deductible Capital
Loss
Less: Nontaxable Capital
Gains & Losses
Mildred A. Talbot
3,719.44
L. Fred Talbot
3,250.00
Total Nontaxable Capital
$ 6,969.44
Gains & Losses
Net Increase in Net Worth
$11,337.86
$ 68,021.24
$ 58,444.62
Add: Living Expenses
8,089.07
7,930.43
10,218.84
Income Taxes Paid
32.00
1,108.99
5,469.45
Total
$19,458.93
$ 77,060.66
$ 74,132.91
Less: Capital Loss
Deduction
Adjusted Gross Income
$19,458.93
$ 77,060.66
$ 74,132.91
Net Income Reported -
724.74
13,086.80
10,839.22
Fred Talbot
Mildred Talbot
3,466.97
11,024.91
10,463.33
L. Fred Talbot & Mildred
Talbot
Total Net Income Reported
Less: Nondeductible Loss
$ 4,191.71
$ 24,111.71
$ 21,302.55
Per Return
Unreported Income
$15,267.22
$ 52,948.95
$ 52,830.36
Breakdown of Unreported
Income: Mildred Talbot
7,633.61
26,474.48
26,415.18
L. Fred Talbot
7,633.61
26,474.48
26,415.18
L. Fred Talbot and
Mildred A. Talbot
Total
$15,267.22
$ 52,948.95
$ 52,830.36
*38 12/31/48
12/31/49
12/31/50
12/31/51
Cash in Bank
$ 5,851.90
$ 2,532.89
$ 1,834.10
$ 79.58
U.S. Savings Bonds
1,650.00
450.00
450.00
450.00
Accounts and Notes
79,807.88
79,843.33
87,133.81
79,093.72
Receivable
Real Estate
56,786.14
54,695.64
58,010.02
61,442.41
Real Estate & Investment
90,936.78
134,054.09
154,618.57
- California
Business Investments
36,189.76
30,269.49
16,125.27
7,265.92
Personal Assets
29,893.55
34,196.05
36,672.11
36,672.11
Net Worth
$210,179.23
$292,924.18
$334,280.30
$339,622.31
Less: Prior Year Net
162,052.99
210,179.23
292,924.18
334,280.30
Worth
Increase in Net Worth
$ 48,126.24
$ 82,744.95
$ 41,356.12
$ 5,342.01
Add: Deductible Capital
(2,386.52)
Loss
Less: Nontaxable Capital
Gains & Losses
Mildred A. Talbot
L. Fred Talbot
2.48
228.18
(2,386.51)
Total Nontaxable Capital
$ 2.48
$ 228.18
$ (4,773.03)
Gains & Losses
Net Increase in Net Worth
$ 48,123.76
$ 82,516.77
$ 46,129.15
$ 5,342.01
Add: Living Expenses
8,264.37
8,143.20
8,777.51
8,015.80
Income Taxes Paid
6,750.00
6,276.34
5,030.66
4,150.00
Total
$ 63,138.13
$ 96,936.31
$ 59,937.32
$ 17,507.81
Less: Capital Loss
1,000.00
1,000.00
Deduction
Adjusted Gross Income
$ 63,138.13
$ 96,936.31
$ 58,937.32
$ 16,507.81
Net Income Reported -
Fred Talbot
Mildred Talbot
L. Fred Talbot & Mildred
29,194.11
23,210.38
14,535.33
(2,598.42)
Talbot
Total Net Income Reported
Less: Nondeductible Loss
$ 29,194.11
$ 23,210.38
$ 14,535.33
$ (2,598.42)
Per Return
$ 44,401.99
4,773.03
Unreported Income
$ 33,944.02
$ 73,725.93
$ 39,628.96
$ 19,106.23
Breakdown of Unreported
Income: Mildred Talbot
L. Fred Talbot
L. Fred Talbot and
33,944.02
73,725.93
39,628.96
19,106.23
Mildred A. Talbot
Total
$ 33,944.02
$ 73,725.93
$ 39,628.96
$ 19,106.23
*39 On March 12, 1956, Fred was indicted under section 145(b) of the Internal Revenue Code of 1939 on charges of wilfully and knowingly filing false and fraudulent income tax returns for the years 1949 and 1950. On October 11, 1956, Fred was convicted upon his plea of guilty of wilfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him to the United States for the calendar years 1949 and 1950. Fred understated his taxable income for the years 1948 to 1951, inclusive, by the amounts of $33,944.02, $73,725.93, $39,628.96 and $19,106.23, respectively. The joint income tax returns of Fred and Mildred for the years 1948, 1949, 1950 and 1951 were false and fraudulent and were made with intent to evade tax Opinion FAY, Judge: There is no question in this case that the returns filed for each of the taxable years were joint returns of Fred and Mildred. Furthermore, Mildred has admitted that a substantial portion of their income was not included on said joint income tax returns for the years 1948 to 1951, inclusive, and she has agreed to the imposition of the section 293(b) and section 294(d) additions to tax. [1] A stipulation to this effect *40 was signed by petitioner Mildred and by counsel for respondent. Under section 51(b), Internal Revenue Code of 1939, if a joint return is filed by a husband and wife, they are jointly and severally liable for the full tax liability, and such liability covers not only the basic tax but also any additions to the tax. Myrna S. Howell, 10 T.C. 859 (1948), aff'd per curiam 175 F. 2d 240 (C.A. 6, 1949); William G. Lias, 24 T.C. 280 (1955), aff'd 235 F. 2d 879 (C.A. 4, 1956), certiorari denied 353 U.S. 935 (1957); W. L. Kann, 18 T.C. 1032 (1952), aff'd 210 F. 2d 247 (C.A. 3, 1953), certiorari denied 347 U.S. 967 (1954); Meyer J. Safra, 30 T.C. 1026 (1958); Arthur N. Dellit, 24 T.C. 434 (1955). In Arthur N. Dellil, supra, we said: In the instant case we have the situation in which a joint return was filed and where the husband and wife jointly filed their petition for redetermination. The husband has admitted liability for the tax and penalty and signed a stipulation to this effect. Under the law, the *41 wife is jointly and severally liable for the tax and penalty. The burden of proof as to the tax liability rested on petitioners, and as to fraud, rested on respondent. The liability for the tax and penalty are admitted by petitioner Arthur N. Dellit and liability of the wife Ursula Mae Dellit for the tax and penalty is established by the pleadings and the evidence before us. It would seem, therefore, that the present case is controlled by our decision in the Dellit case, and Fred is liable for the tax as well as the additions to the tax. See and compare Jack Douglas, 27 T.C. 306 (1956), aff'd sub nom. Sullivan v. Commissioner, 256 F. 2d 4 (C.A. 5, 1958). In any event, respondent has introduced evidence sufficient in our opinion to sustain his burden of proving fraud. The record discloses that Fred during the taxable years was engaged in various gambling ventures, that he substantially understated his income over a number of years, and that he entered a plea of guilty to criminal charges of tax evasion for the years 1949 and 1950. Under such circumstances we believe a finding that a part of the deficiency for each taxable year was due to fraud with intent *42 to evade tax is clearly warranted. Holland v. United States, 348 U.S. 121 (1954), rehearing denied 348 U.S. 932 (1955); Abraham Galant, 26 T.C. 354 (1956). To give effect to our finding with respect to the amount of income understated in each of the taxable years, a computation under Rule 50 is required. Decision will be entered under Rule 50. Footnotes
1. I.R.C. 1939↩.