**Louise M. SCUDDER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18041.**

United States Court of Appeals
Sixth Circuit.

May 8, 1969.

---

John S. Hager, Owensboro, Ky., for petitioner, John S. Hager, Morton J. Holbrook, Sandidge, Holbrook, Craig & Hager, Owensboro, Ky., on the brief.

Robert Campbell, Dept. of Justice, Washington, D. C., for respondent, Mit-chell Rogovin, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Robert J. Campbell, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before O'SULLIVAN and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

## ORDER

This cause is now before the Court upon Respondent-Commissioner's petition for rehearing and upon a pleading of Louise M. Scudder denominated "Motion to Amend Opinion and in the Alternative Petition for Rehearing." The foregoing petitions and motion are denied.

The Commissioner asserts that our opinion contains an impermissible disregard of a stipulation that monies taken by Frank Scudder from the Owensboro Liquor Company, of which his wife was a partner, constituted embezzlement. This stipulation arose from an agreement between counsel that monies withdrawn from the partnership by Frank "were taken in the manner described in subparagraphs (b) and (e) of paragraph 8 of respondent's answer." Those subparagraphs refer to income that "was derived from a variety of different sources, the most important of which involved his embezzlement of certain funds belonging to a partnership" and that "the total sums which Mr. Scudder thus unlawfully took and embezzled * * * were not less than the following amounts." Conclusional employment of the word, "embezzlement," where the underlying facts are not in dispute should not change such undisputed facts.

It was, and is, the intent of this Court, moreover, that the end result will be the same whether Frank Scudder's withdrawals from the monies owned by the partnership of which his wife was a member are characterized as unauthorized loans or as embezzlement.

In distinguishing the cases relied upon by the Tax Court, we recited that none of them hold that an innocent wife can be held liable for income tax on monies

allegedly embezzled *from her* by her husband. We further distinguished those cases by saying, "And none involves a situation where allegedly embezzled funds were shown as loans to the alleged embezzler on the books of the concern from which the withdrawals were made * * *."

■ In announcing the basis for our holding, we took occasion to say,

"We just cannot persuade ourselves that the execution of the joint returns here were not the product of conduct equivalent in wrong to the fraud, trickery, and, indeed, the duress which the Tax Court appears to concede will insulate its victim from liabilities which would otherwise accrue."

After our speculative consideration as to whether the husband's withdrawals might or might not be embezzlement under the language of James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961), we expressed our further view that,

"Under the special facts of this case, we do not consider that a holding by us that the monies withdrawn by Frank Scudder were not taxable income *for which his victimized wife must now pay*, would run counter to James v. United States, *supra*."

It was, and is, our holding that, whether or not the stipulation of the parties commits us to view the husband's withdrawals as embezzlement, the circumstances by which Frank Scudder obtained these monies forecloses the assessment upon his wronged wife of income tax or penalties thereon.

■ Appellant Louise M. Scudder moves that this Court's opinion be reformed if it can be read as requiring her to pay the tax due upon income earned by her husband upon investments and properties owned by him, and to "insulate the victim from liabilities on the joint return." This would include exonerating Louise Scudder from payment of the income tax and penalties attributable, not to Frank's partnership withdrawals, but to his other businesses. While some of these investments undoubtedly were made with the funds taken from the partnership, the earnings on them should not be excluded solely because our ruling has already excused her from paying tax on the monies from which the investments were made.[1] In Commissioner v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (1946), even though embezzled funds were held not to be taxable income, the Supreme Court suggested that profits realized from use of the embezzled funds might be taxable.

"Had the taxpayer [the embezzler] used the embezzled money and obtained profits therefrom, such profits might have been taxable, regardless of the illegality involved." 327 U.S. at 409, 66 S.Ct. at 549.

We make clear that Louise Scudder's liability for the tax and penalties on such earnings omitted from the joint return shall not expose her to any part of the penalty on the amounts illegally withdrawn from the partnership. But we do not look upon the failure of Frank Scudder to include earnings from his investments and properties in the joint return as "conduct equivalent in wrong to the fraud, trickery, and indeed, the duress" which has led us to hold that Louise is exempt from paying the tax and penalties assessed upon monies illegally withdrawn from the partnership. We make clear, however, that in computing the tax payable on such investment earnings, the wrongfully embezzled or withdrawn funds shall not be added thereto to arrive at the rate of tax.

We further emphasize that the annual withdrawals by Frank Scudder in the amount of $4,420 and falsely entered in the partnership's books as travel expenses are to be treated in the same way as the other illegal withdrawals from the partnership, whether the total be considered as embezzled funds or unauthorized loans or withdrawals.

1. See Howell v. Comm'r of Internal Revenue, 175 F.2d 240 (6th Cir. 1949).

Therefore, upon consideration of the matters before us,

It is ordered that the Motion to Amend Opinion and the respective Petitions for Rehearing may be, and they are, hereby denied.

Entered by order of the Court.

McCREE, Circuit Judge (dissenting in part and concurring in part).

Having given further consideration to the issues involved in this appeal, I would grant the petition for rehearing and affirm the decision of the Tax Court.

In light of taxpayer's admission that her husband's withdrawals constituted embezzlements, I do not agree with my brethren that these funds were not embezzled and therefore not income. Moreover, I think that treating the withdrawals as loans ignores the fact that genuine "loans" require the consent of both parties at the time the funds are advanced. There was no agreement between the parties here.

I also think that under the facts of this case taxpayer is jointly and severally liable. Although Congress has not carved out any exceptions to joint and several liability, the courts have exonerated co-signers of joint returns if their signatures were the product of duress or fraud. Here, however, the Tax Court found that taxpayer voluntarily signed the joint returns and she could not therefore attribute her signature to duress. And any fraudulent conduct by Frank was related to the embezzlement of the funds and not to the procurement of her signature on the joint returns. The unqualified language of the statute therefore compels the imposition of liability.

In all other respects I concur in the original decision of the majority and in its order denying the petitions for rehearing.