T.C. Summary Opinion 2010-113


UNITED STATES TAX COURT


CARON WILMA RIGANTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23757-07S.                    Filed August 11, 2010.


Caron Wilma Riganti, pro se.

<u>Steven W. LaBounty</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This section 6015(e)[1] case
was heard pursuant to the provisions of section 7463.  Pursuant
to section 7463(b), the decision to be entered is not reviewable

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the
relevant period.  Rule references are to the Tax Court Rules of
Practice and Procedure.

by any other court, and this opinion shall not be treated as precedent for any other case.

In a final notice of determination dated July 19, 2007, respondent denied petitioner's claim for section 6015 relief with respect to the joint and several liability arising from the 2004 and 2005 joint Federal income tax returns filed by petitioner and Marc H. Riganti (petitioner's former spouse). Because the tax liability for each year results from an underpayment of the tax shown on the joint return, we agree with respondent that she does not qualify for relief under section 6015(b) or (c) for either year. That being so, we consider, de novo, her entitlement to equitable relief under section 6015(f). See <u>Porter v. Commissioner</u>, 132 T.C. 203 (2009).

<u>Background</u>

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Missouri.

Petitioner and her former spouse married each other in June 1986. They separated in September 2005 and were divorced in October 2006. They have four children.

In connection with their divorce, in October 2006 petitioner and her former spouse entered into a "Marital Separation Agreement" (the agreement). Various unpaid marital debts are

noted and allocated to one or the other of them in the agreement. For the most part, the marital debts are split equally between petitioner and her former spouse, who routinely failed to pay his "fair share". This equal split also applies to the net proceeds that were expected to result from the future sale of the marital residence. The agreement, however, does not address the unpaid Federal income tax liabilities that existed at the time.

Petitioner was employed during both years in issue. For 2004 her wages totaled $43,233, from which Federal income tax withholdings totaled $3,544. For 2005 her wages totaled $59,482, from which Federal income tax withholdings totaled $7,786.

While married to each other petitioner and her former spouse routinely filed joint Federal income tax returns. Petitioner relied upon her former spouse to prepare and to file the joint return for any given year. As with prior years, for 2004 and 2005 petitioner provided her tax information to her former spouse so that he could prepare and file the income tax returns for those years as well. As in some other years, petitioner neither reviewed nor signed the 2004 or 2005 joint return.[2]

---

[2]Respondent considered and rejected petitioner's suggestion that neither the 2004 nor the 2005 return should be treated as her return. We agree with respondent, and under the circumstances see no need for any further discussion on the point. See, e.g., Estate of Campbell v. Commissioner, 56 T.C. 1, 12-13 (1971); Heim v. Commissioner, 27 T.C. 270, 273-274 (1956), affd. 251 F.2d 44 (8th Cir. 1958); Howell v. Commissioner, 10 T.C. 859 (1948), affd. per curiam 175 F.2d 240 (6th Cir. 1949);

(continued...)

The 2004 joint return, filed October 17, 2005, shows a $13,739 income tax liability, of which $4,833 was not paid with the return. The 2005 joint return, filed June 8, 2006, shows a $20,114 income tax liability, of which $2,742 was not paid with the return.

As best we can determine from the record, petitioner became aware of the 2004 and 2005 unpaid income tax liabilities when she received notice that expected Federal income tax refunds from 2002 and/or 2003 would be applied to 2004 and/or 2005 liabilities.

In a Form 8857, Request for Innocent Spouse Relief, and Form 12510, Questionnaire for Requesting Spouse, both timely submitted to respondent in November 2006, petitioner sought relief from the unpaid portions of the outstanding income tax liabilities for 2004 and 2005. In the above-referenced final notice, respondent denied that relief because, among other reasons, petitioner: (1) Failed to establish a reasonable belief the tax liabilities reported on the returns would be paid; and (2) failed to establish that she would suffer economic hardship if not relieved of the tax liabilities.

---

[2](...continued)
Magee v. Commissioner, T.C. Memo. 2005-263; Boyle v. Commissioner, T.C. Memo. 1994-294; Evans v. Commissioner, T.C. Memo. 1982-700; sec. 1.6013-1(a)(2), Income Tax Regs.

## Discussion

In general, spouses "may make a single return jointly of income taxes". Sec. 6013(a). Like most decisions, an individual's decision to file a joint return with the individual's spouse has consequences. One consequence to the individual is the assumption of an income tax liability for income not otherwise attributable to the individual. This is so because if for any given year a joint return is made by spouses, then with respect to that year "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Sec. 6013(d)(3); see sec. 1.6013-4(b), Income Tax Regs. "[J]oint and several liability" for the tax shown on a return means that although the tax may be collected only once, each spouse is entirely responsible for the payment of the unpaid portions of the tax without apportionment between them. Cluck v. Commissioner, 105 T.C. 324, 326 n.4 (1995); Pesch v. Commissioner, 78 T.C. 100 (1982); Grubich v. Commissioner, T.C. Memo. 1993-194. In turn, this means that the Commissioner may, as he sees fit, collect the tax from either one. Cf. Pesch v. Commissioner, supra.

Subject to various conditions and in a variety of ways set forth in section 6015, an individual who has made a joint return with his or her spouse for a year may seek relief from the joint and several liability arising from that joint return. Except as

otherwise provided in section 6015, the taxpayer bears the burden of proving entitlement to the relief contemplated by that section. Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

If, as in this case, a taxpayer does not qualify for relief under section 6015(b) or (c) because the underlying income tax liability is attributable to an underpayment of tax, then relief under section 6015 is limited to that provided in section 6015(f). That section provides for relief if, taking into account all the facts and circumstances, it would be inequitable to hold the taxpayer liable for any unpaid tax or deficiency. Sec. 6015(f)(1).

The Commissioner has issued revenue procedures listing the factors normally considered in determining whether relief should be granted under section 6015(f). Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying and superseding Rev. Proc. 2000-15, 2000-1 C.B. 447.[3] Respondent has taken those factors into account. Furthermore, the application of those factors supports respondent's denial of relief, and petitioner does not suggest otherwise.

---

[3]The guidelines set forth in Rev. Proc. 2003-61, 2003-2 C.B. 296, are effective for requests for relief filed, as in this case, on or after Nov. 1, 2003. <u>Id.</u> sec. 7, 2003-2 C.B. at 299.

Petitioner's request for section 6015 relief was prompted by her belief, triggered by some forced collection action, that she would be required to pay the full amounts of the unpaid portions of the 2004 and 2005 income tax liabilities arising from the joint return filed for each year. As petitioner views the matter, the 2004 and 2005 income tax liabilities should be treated in a manner consistent with the other marital debts taken into account in the agreement; that is, she and her former spouse should each be responsible for one-half of the tax liability for each year. She is not so much seeking relief from those liabilities as she is seeking some assurance that her former spouse will be required to pay what she considers to be his fair share of those liabilities. Because petitioner's former spouse has otherwise failed to live up to other of his financial obligations, we appreciate petitioner's concern that she might be required to pay the full amounts of the outstanding 2004 and 2005 tax liabilities. Her concern, of course, is completely consistent with the concept of joint and several liability.

We expect it is of no consolation to her to point out that her former spouse remains equally responsible for payment of the outstanding tax liabilities. Nevertheless and simply put, the type of relief she seeks, perhaps available through the local court having jurisdiction over her divorce from her former spouse, is outside that contemplated under section 6015.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.